394 A.2d 595

**Gary FINN, Appellee,**

**v.**

**Harry J. DUGAN and John Walton, Personal Representative of the Estate of John D. Walton, Jr., Deceased.**

**Appeal of John WALTON.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1978.

Decided Nov. 22, 1978.

Richard R. High, Philadelphia, with him Robert C. Steiger, Southampton, for appellant.

Perry Stanton Block, Philadelphia, with him Frederick R. Herman, Philadelphia, for appellee, Finn.

No appearance entered nor brief submitted for appellee, Dugan.

Before PRICE, HESTER and HOFFMAN, JJ.

HESTER, Judge:

This is an appeal from an Order of the Common Pleas Court of Montgomery County denying appellants Motion for summary judgment.[1]

Appellant is the father of John Walton, Jr. On November 18, 1973, a car driven by John Walton, Jr. collided with a car driven by Harry Dugan. John Walton, Jr., was killed instantly and appellee, a passenger in the Walton car, was severely injured.

1. This interlocutory order was duly certified by the lower court and permission to appeal was granted by this court in accordance with Section 501(b) of the Appellate Court Jurisdiction Act of 1970 (17 P.S. § 211–501(b)).

On May 23, 1975, appellee instituted an action in trespass via complaint against John Walton as personal representative of the Estate of John Walton, Jr. and Harry Dugan. Appellant (John Walton) filed an answer on December 22, 1975 wherein he denied that "John Walton is the personal representative of the Estate of John Walton, Jr., deceased". Appellant also filed a Motion for summary judgment at the same time, attaching affidavits, asserting again that he was not the personal representative of his son's estate and also asserting that the statute of limitation had run. The court denied summary judgment and this appeal followed.

Appellant asserts that since appellee did not sue the proper party within the two year statute of limitations the Motion for summary judgment should have been granted.

There is no dispute that appellant is not now and never was the personal representative of his son's estate and that there, in fact, is no personal representative of the Estate of John Walton, Jr., deceased. There is also no dispute that the statute of limitations ran as of November 18, 1975.

The law is clear that all actions that survive a decedent must be brought by or *against* a personal representative, duly appointed by the Register of Wills. *Lovejoy v. Georgeff,* 224 Pa.Super. 206, 303 A.2d 501 (1973).

Appellee has sued the wrong party. Ordinarily this might present no problem, since appellee could either amend the complaint or file a new action. Here, however, the statute of limitations ran [2] and no amendment could be made. See *Miller v. Jacobs,* 361 Pa. 492, 65 A.2d 362 (1949).

**2.** We note that appellant did not raise the statute of limitations as a defense by way of new matter and therefore it should be considered waived pursuant to Pa.R.C.P. § 1032. This makes no difference here, however, as the appellee could not amend the complaint even if permitted to do so by the court. There is no party with capacity to be sued, since no administrator has been appointed or any estate raised. More importantly, perhaps, is the fact that appellee at no time has raised this issue and we would be precluded from considering it anyway. *Dilleplaine v. Lehigh Valley Trust,* 457 Pa. 255, 322 A.2d 114 (1974).

The lower court, however, thought that this posed no problem. The court held that appellant should be estopped from asserting the statute of limitations, because he (appellant) delayed his response to the appellee's complaint to such an extent that the statute of limitations expired before the appellee had discovered that he sued an improper party and this "bad faith", in intentionally concealing material facts, should preclude him (appellant) from asserting that statute of limitations as a defense. The court relied on *Shaffer v. Lazelere,* 410 Pa. 402, 189 A.2d 267 (1963) and *Nesbitt v. Erie Coach Co.,* 416 Pa. 89, 204 A.2d 473 (1964) and while we agree with the principles enunciated in those cases, we think reliance on them is misplaced. *Shaffer* involved a case of a deliberate concealment of facts necessary to discovery of the proper defendant and *Nesbitt* involved facts where an insurance adjuster made statements to the plaintiff reasonably inducing her to expect a settlement. In this case, there was no contact between appellant and appellee. No representations were made and no attempt was made by the appellant to conceal the fact that he was not the personal representative of his son. Furthermore, the appellee made no attempt to show any active concealment. The lower court seems to place a great deal of emphasis on appellants failure to answer for six months. However, the appellee was not powerless during this time; he could have easily taken default judgment for failure to answer.

This case parallels the situation presented in *Marzella v. King,* 256 Pa.Super. 179, 389 A.2d 659 (1978) and *Lovejoy v. Georgeff,* supra, and in both cases this court approved and quoted the reasoning of the Supreme Court of Ohio in *Wrinkle v. Trabert,* 174 Ohio St. 233, 188 N.E.2d 587 (1963):

"Plaintiff had immediate knowledge of the death of the decedent and a course of action to pursue . . . [P]laintiff had the power to secure the appointment of an administrator within the statutory period of limitation. In fact, plaintiff was aware of this but failed, through his own lack of diligence, to perfect the appointment. Plaintiff's failure should not lead to the relaxation of what we

think should be the sounder rule in such instances, that is, where one has a claim against an estate, it is incumbent upon him, if no administrator has been appointed, to procure the appointment of an administrator against whom he can proceed." 174 Ohio St. at 237–38, 188 N.E.2d at 591.

█ Since appellant was not the proper party to be sued and the statute of limitations had run, we believe it was error to deny appellant's Motion for summary judgment. All material facts were uncontroverted and we think that appellant was entitled to judgment as a matter of law.

The Order of the lower court is reversed and judgment for the appellant is hereby entered.