573 A.2d 1128

**Darrell J. VAN MASTRIGT, Appellant,**

**v.**

**DELTA TAU DELTA, an unincorporated association and national fraternity Delta Tau Delta, Delta Beta Chapter, an unincorporated association Carnegie Mellon University, the Estate of Jeanne Goldberg and Brian Goldberg.**

Superior Court of Pennsylvania.

Submitted Feb. 5, 1990.

Filed April 23, 1990.

144

Darrell J. Van Mastrigt, appellant, pro se.

S. Asher Winikoff, Pittsburgh, for Delta Tau Delta and Nat. Fraternity, appellee.

David H. Patterson, Pittsburgh, for Delta Tau Delta, Delta Beta Chapter and Carnegie Mellon University, appellee.

Robert A. Cohen, Pittsburgh, for Estate of Jeanne Goldberg, appellee.

John A. Robb, Jr., Pittsburgh, for Brian Goldberg, appellee.

Before KELLY, POPOVICH and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Allegheny County sustaining appellees' preliminary objections to the Complaint. We affirm.

Appellant, Darrell J. Van Mastrigt, filed a *pro se* complaint in negligence for personal injury and defamation. The trial court subsequently granted appellant's request to proceed *in forma pauperis*. Appellant is presently incarcerated following his conviction for the murder of Jeanne Goldberg. In his complaint, appellant sought money damages from several defendants including: (1) Delta Tau Delta, a national fraternity, (hereinafter referred to as "National Fraternity"), the national organization for the local fraternity that sponsored a party that he and Jeanne Goldberg attended on the night of her death; (2) Delta Tau Delta, Delta Beta Chapter, (hereinafter referred to as "Local Fraternity"), who sponsored the above mentioned party; (3) Carnegie Mellon University (hereinafter referred to as "CMU"), the school he and Ms. Goldberg were attending at the time of her death; (4) the Estate of Jeanne Goldberg, (hereinafter referred to as "Estate"); (5) Stella Goldberg, the mother of the deceased;[1] and (6) Brian Goldberg, a friend of appellant and Ms. Goldberg, but no relation to the deceased. This complaint was initially sent by regular mail, but subsequently served by the Sheriff in accordance with

---

1. On August 23, 1989, appellant filed a motion to dismiss Stella Goldberg from the complaint. The lower court denied this motion as moot on September 1, 1989 because the entire complaint had been dismissed. Nonetheless, appellant's Notice of Appeal to our court did

the lower court's order of June 12, 1989.[2]

On June 30, 1989, Local Fraternity served appellant with preliminary objections. On July 3, 1989 the lower court ordered appellant to respond to these objections within thirty (30) days. On July 21, 1989 the Estate and Stella Goldberg served appellant with preliminary objections. On July 26, 1989, appellant filed his brief in opposition to Local Fraternity's preliminary objections. On July 31st both National Fraternity and Brian Goldberg filed preliminary objections against appellant. On August 11, 1989, CMU also filed preliminary objections against appellant. On August 18, 1989, the lower court sustained all of the preliminary objections and dismissed appellant's complaint with prejudice. The prothonotary received appellant's brief in opposition to Estate and Stella Goldberg, and Brian Goldberg's preliminary objections on August 23, 1989. Appellant's timely appeal raises the following issues for our review: (1) whether the lower court erred in prematurely dismissing the appellant's complaint by violating appellant's right to due process, fundamental fairness and equal protection; and (2) whether the lower court judge deviated from his lawful discretion by utilizing extreme prejudice and ignoring basic statutes of law. Since these issues are interrelated, we will consider them together.

We note that our scope of review is limited where there is a challenge to the sustaining of a preliminary objection in the nature of a demurrer. *Mahoney v. Furches*, 503 Pa. 60, 468 A.2d 458 (1983). Our inquiry goes only to determining the legal sufficiency of appellant's complaint and we may only decide whether sufficient facts have been pleaded which would permit recovery if ultimately proven.

not include Stella Goldberg. We find therefore that Stella Goldberg is not a party to this appeal.

2. Appellee, Local Fraternity, alleges that appellant's complaint was not properly served. While it is correct that appellant's first attempt at service was unsuccessful, the record reveals that proper service was ultimately achieved through the sheriff's office. We further note that Local Fraternity repeatedly states that appellant's complaint should be dismissed. Local Fraternity is mistaken as to our role at this juncture. The appellant's complaint has already been dismissed, we need not dismiss it again. Perhaps it would have served this appellee better to have more carefully revised its brief in support of preliminary objections rather than submitting the same brief to our court.

*Gordon v. Lancaster Osteopathic Hospital Association,*
340 Pa.Super. 253, 489 A.2d 1364 (1985). We must also be
able to state with certainty that "upon the facts averred,
the law will not permit recovery by the plaintiff." *Berger
v. Ackerman,* 293 Pa.Super. 457, 459, 439 A.2d 200, 201
(1981).

Appellant initially argues that the lower court should
have given him an opportunity to respond to all of the
preliminary objections. Appellant contends that while he
was given thirty days to respond to the Local Fraternity's
preliminary objections, he was not given the same opportu-
nity to respond to the remaining preliminary objections.
Appellant responded to Estate and Stella Goldberg, and
Brian Goldberg's preliminary objections, but the prothono-
tary did not receive a copy of his response until after the
lower court had entered its order sustaining all of the
preliminary objections and dismissing appellant's complaint
with prejudice. Appellant alleges that he never responded
and indeed did not even have an opportunity to respond to
preliminary objections filed by National Fraternity or CMU.

 The Pennsylvania Rules of Civil Procedure provide
for an answer to preliminary objections. Pa.R.C.P., No.
1017(a), 42 Pa.C.S.A. However, an answer to a preliminary
objection is required only if the preliminary objection con-
tains a notice to plead. *Id.* Rule 1026. The court may
direct the respondent to answer, so that the matter may
proceed under Rule 209 of the Pennsylvania Rules of Civil
Procedure. In the instant case, none of the preliminary
objections filed by appellees contained a notice to plead.
Therefore, an answer to these objections was neither re-
quired nor was appellant entitled to respond.[3] The lower

3. Our finding that appellant was not "entitled" to respond is limited to
the facts of this case. In this case, there was a proliferation of
preliminary objections which essentially adopted the issues raised in
the first set of preliminary objections. Since appellant provided such a
complete response to the first preliminary objections, we found that
his initial response sufficiently covered the salient issues in this case.

court ordered appellant to respond to the first set of preliminary objections. No similar order is of record as to any of the other preliminary objections.[4] Further, Rule 1028(c) of the Pennsylvania Rules of Civil Procedure makes it mandatory that a court dispose of preliminary objections promptly and preliminarily. *Schaffer v. Batyko,* 227 Pa.Super. 62, 323 A.2d 62 (1974).[5] We find that the lower court did not prematurely dismiss appellant's complaint and that the lower court was under no obligation to allow appellant to respond to the preliminary objections.

All of the appellees in the instant case filed preliminary objections in the nature of a demurrer. In so doing, each appellee was challenging the sufficiency of appellant's complaint. The lower court reviewed the complaint as to each appellee and determined that appellant did not, and could not, set forth a cause of action against any of the appellees. As the lower court correctly noted:

The Fraternity is being sued because at the party [appellant] and Jeanne attended, alcohol and marijuana were available and they each indulged. The University is being sued because the fraternity house is on their campus and the University should have had better control over the fraternity. The Estate of Jeanne Goldberg is being sued because Jeanne enticed the [appellant] to attend the fraternity party. Stella Goldberg, Jeanne's mother is named as a defendant for having failed to raise her daughter in a proper manner. And finally, Brian

**4.** Although appellant contends that the lower court on July 21, 1989, ordered a response to be filed to Estate and Stella Goldberg's preliminary objections within thirty (30) days, no such order is a part of the record certified for our review. We must decide a case on the basis of the facts of record and not on allegations of fact contained in a party's appeal brief. *Marine Bank v. Huhta,* 279 Pa.Super. 130, 420 A.2d 1066 (1980).

**5.** Rule 1028(c) also states that a party may file an amended pleading as of course within ten (10) days after service of a copy of preliminary objections. Appellant was not given this opportunity as to CMU's preliminary objections. However, appellant does not raise this issue. We therefore find that appellant waived his right to raise this issue. Even if appellant was given the opportunity to amend his complaint, we find, for reasons set forth more fully in this memorandum, that he would not be able to establish a cause of action as a matter of law.

Goldberg is named as a defendant for his role in persuading Jeanne and [appellant] to attend the fraternity party.

As the lower court correctly concluded, appellant has failed to state a cause of action as to any of the appellees. Neither the fraternities nor CMU stands in *loco parentis* to the appellant. They accordingly cannot be held liable for their alleged failure to protect appellant from the consequences of his own actions. *Bradshaw v. Rawlings,* 612 F.2d 135 (3rd Cir.1979).

As to the Estate, the dismissal of appellant's complaint is proper for several reasons. First, an action against an Estate must be brought against the personal representative. *Lovejoy v. Georgeff,* 224 Pa.Super. 206, 303 A.2d 501 (1973).[6] Appellant failed to name Stella Goldberg, in her capacity as the administratrix of the estate, as a party to the instant action. Second, appellant has failed to establish the requisite proximate cause linking the decedent's alleged misconduct to appellant's ultimate harm. *Ibn–Sadiika v. Riester,* 380 Pa.Super. 397, 551 A.2d 1112 (1988). Even if we were to believe that the decedent acted negligently in "enticing" appellant to attend a party he did not wish to attend, this alleged misconduct would be too remote from the harm arising to the appellant to be considered a substantial factor in causing appellant's harm. This rationale is equally applicable to appellee Brian Goldberg. In addition, neither the decedent nor Brian Goldberg owed a duty or obligation that could have been breached by their allegedly persuading appellant to attend a party. *Orner v. Mallick,* 515 Pa. 132, 527 A.2d 521 (1987).

In his brief, appellant alleges that each of the defendants are responsible for his personal injuries by their negligence in serving alcohol and drugs to him as a minor. While appellant's complaint does not specifically set forth what his personal injuries are, it does allege that each of the above

6. Although the lower court does not sustain the preliminary objections as to the Estate on this basis, as an appellate court we may affirm a decision of the trial court if the result is correct on any ground. *Green v. Juneja,* 337 Pa.Super. 460, 464 n. 5, 487 A.2d 36, 39 n. 5 (1985).

defendants is responsible for depriving him of his health, safety, logic, and well-being resulting in personal injuries. The only injuries that can be discerned from the record are those related to appellant's incarceration. His incarceration is clearly a result of his conviction for the murder of Jeanne Goldberg. While appellant does not specifically allege that the defendants were responsible for his act of murdering Jeanne Goldberg, this is the only inference that can be reached. Thus, appellant contends, without using these exact words, that but for the acts of each of the defendants: (1) he would not have murdered Jeanne Goldberg; (2) he would not have been convicted of said murder; (3) he would not have been incarcerated; and (4) he would not be suffering from the evils associated with his incarceration.

Even if we were to agree with appellant that the defendants played a role in placing appellant in his current predicament, we would be unable to make the quantum leap necessary for excusing appellant from his own crime. None of the defendants put a knife in appellant's hand. None of the defendants were responsible for the act of killing Jeanne Goldberg. A court determined that appellant alone was responsible for the actual murder of Jeanne Goldberg. It was as a result of this determination that appellant was incarcerated. If this incarceration has resulted in personal injuries, appellant has only to look to himself for the consequences of his senseless action. We find no error in the lower court's determination.

Order affirmed.

POPOVICH, J., concurs in the result.