655 A.2d 176

**George E. MYERS, II, Appellant,**

v.

**ESTATE of Robert WILKS, Sr.**

Superior Court of Pennsylvania.

Submitted Jan. 23, 1995.

Filed March 2, 1995.

George E. Myers, II, pro se.

James D. Wolfe, Johnstown, for appellee.

Before OLSZEWSKI, JOHNSON and BROSKY, JJ.

BROSKY, Judge.

This is a *pro se* appeal from the order of the trial court which sustained preliminary objections filed by counsel for Robert Wilks and dismissed the complaint. Appellant presents the following issues for review: (1) whether the lower court erred in sustaining the preliminary objections; (2) whether the trial court erred in concluding that an estate had never been opened on behalf of the decedent, Robert Wilks, Sr.; and (3) whether a binding contract existed between appellant and the decedent. For the reasons set forth below, we affirm the order of the trial court.

Before considering these claims, it is necessary to recount the pertinent facts giving rise to this appeal. Appellant, George Myers, II, became acquainted with the decedent, Robert Wilks, Sr. through their mutual involvement in the local chapter of the Rotary Club. In 1992, Mr. Wilks' health began to decline resulting in his inability to perform household chores or drive his vehicle. Consequently, Mr. Wilks purportedly engaged appellant to perform these tasks in exchange for which appellant was to receive payment at a later time when Mr. Wilks, Sr. was no longer in debt. In reliance upon Mr. Wilks, Sr.'s promise of payment, appellant worked for Mr.

Wilks, Sr. from April 20, 1992 until May 20, 1993, the date of Mr. Wilks, Sr.'s death.[1] Appellant knew of the death, as it was he who discovered Mr. Wilks, Sr.'s body.

Appellant wrote to Robert Wilks, Jr. in October of 1993 requesting payment for the services which he had previously rendered to the decedent. When payment was not forthcoming, appellant instituted suit against the Estate of Robert Wilks, Sr. by filing a complaint with the district justice.[2] On February 10, 1994, the district justice entered judgment in favor of the estate and against appellant. Appellant thereafter perfected a timely appeal to the court of common pleas, and filed a complaint therein in which he reiterated his claim for unrecompensed wages and the value of the pigs. Appellant also continued to identify the defendant as the "Estate of Robert Wilks, Sr." Counsel filed preliminary objections on behalf of Robert Wilks.[3] The objections sought dismissal of the complaint based upon, *inter alia*, the fact that no estate had been opened and no personal representative appointed therefor. The trial court sustained the objections on this basis and dismissed the complaint. Appellant then instituted this timely appeal from the order of the trial court.

1. According to a copy of an Inheritance Tax Return appended to appellant's brief, the decedent died testate and was survived by at least two of his children, Robert Wilks, Jr. and Benjamin Wilks. It appears that Robert Wilks, Jr. is acting in either a fiduciary capacity or as a transferee of the decedent's assets, as he filed the Inheritance Tax Return and identified himself as the party to whom all tax correspondence should be addressed. The tax return further indicates that Mr. Wilks, Jr. has apparently acknowledged, at least to the Pennsylvania Department of Revenue, that the decedent was indebted to appellant in the amount of $1,586.00. However, the record does not reveal whether this debt is related to the claim giving rise to this appeal.

2. The complaint sought recovery for appellant's wages in the sum of $7,242.00. Appellant also requested an award of $300.00 for the value of the decedent's pigs. According to appellant's letter sent to Mr. Wilks, Jr., the decedent's pigs were allegedly to be given to appellant upon the decedent's death but the pigs were sold by the decedent's sons. Appellant thus sought a total of $7,542.00 in damages.

3. It is unclear from the record whether counsel acted on behalf of the decedent, his son, the entity identified as the "Estate of Robert Wilks, Sr." or all of the above, because the preliminary objections simply refer to "Robert Wilks." We note that the same counsel also represents appellee, the Estate of Robert Wilks, Sr., in this appeal.

Appellant first contends that the trial court erred in granting the preliminary objections and dismissing the complaint. In support of this claim, appellant asserts that his pleading was sufficiently specific to set forth a cause of action and to enable Mr. Wilks, Jr. to form an answer thereto. Appellant's Brief at 6. Moreover, appellant contends that his pleadings should have been subjected to a less stringent standard due to his *pro se* status. *Id.* While the courts are indeed willing to liberally construe materials filed by a *pro se* litigant, appellant is not entitled to any particular advantage because he lacks legal training. *O'Neill v. Checker Motors Corp.*, 389 Pa.Super. 430, 434, 567 A.2d 680, 682 (1989). Rather, "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Vann v. Commonwealth, Unemployment Compensation Board of Review*, 508 Pa. 139, 148, 494 A.2d 1081, 1086 (1985). Such is the case here, as appellant has misconstrued the basis for the trial court's disposition as well as the manner of pursuing his claim against the decedent.

▮ Contrary to appellant's interpretation, the trial court did not dismiss the complaint because of any purported pleading deficiencies or the failure to set forth a cause of action. Instead, the trial court granted the objections based on the fact that the estate of the decedent was not a proper party-defendant and no proper defendant appears to exist. The trial court's ruling was undeniably correct.

▮ Our Supreme Court has explained that the death of an individual renders suit against him or her impossible where an action is not commenced prior to death. *Ehrhardt v. Costello*, 437 Pa. 556, 561, 264 A.2d 620, 623 (1970). However, the death of a person does not prevent recovery by a party aggrieved by conduct which occurred during the decedent's lifetime. *Id.* The law of this Commonwealth instead provides that all causes of action or proceedings, real or personal, shall survive the death of the plaintiff or the defendant. 42 Pa. C.S.A. § 8302. *See also* 20 Pa.C.S.A. § 3371 (providing that

all causes of action or proceedings shall survive as provided by 42 Pa.C.S.A. § 8302). An action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative.[1] 20 Pa.C.S.A. § 3373; *Ehrhardt v. Costello, supra; Van Mastrigt v. Delta Tau Delta,* 393 Pa.Super. 142, 150, 573 A.2d 1128, 1131–1132 (1990).

In view of the above authorities, it is clear that appellant has sued the wrong defendant. Instead of the "Estate of Robert Wilks, Sr.," appellant should have named as the defendant the personal representative of the Estate of Robert Wilks, Sr., in his capacity as the executor or administrator of the estate. 20 Pa.C.S.A. § 3373; *Ehrhardt v. Costello, supra; Van Mastrigt v. Delta Tau Delta, supra.* A problem arises in this case, however, as appellee's counsel has indicated that an estate was never raised and no personal representative was ever appointed. Assuming these facts to be true, appellant's remedy is to secure the appointment of a personal representative by applying to the register of wills for the issuance of letters testamentary or letters of administration to a qualified individual, such as the person designated as the executor in the decedent's will or the decedent's children, Robert Wilks, Jr. or Benjamin Wilks. *See, e.g., Finn v. Dugan,* 260 Pa.Super. 367, 371, 394 A.2d 595, 597 (1978) (providing that where one has a claim against the estate, it is incumbent upon him, if no administrator has been appointed, to procure the appointment of an administrator against whom he can proceed). *See also* 20 Pa.C.S.A. § 3155 (describing those individuals to whom the register shall grant letters testamentary or letters of administration) and § 3156 (enumerating the requisite qualifications of a personal representative). Once a personal representative has been appointed or, if a personal representative now otherwise exists, appellant has two options: (1) he can proceed to prove his claim by means of instituting suit in the civil division of the Court of Common Pleas and ask the Orphans' Court to make provision for the distribution or

---

**4.** The Probate, Estates and Fiduciaries (PEF) Code defines a personal representative as the executor or administrator of an estate. 20 Pa. C.S.A. § 102.

satisfaction of his claim in accordance with 20 Pa.C.S.A. § 3389; or (2) he can proceed to prove his claim at the audit of the estate in the Orphans' Court division pursuant to 20 Pa.C.S.A. § 3386. *See In re: Estate of Schmidt,* 408 Pa.Super. 353, 362, 596 A.2d 1124, 1129 (1991), *affirmed,* 533 Pa. 86, 619 A.2d 1058 (1993).

■ Appellant next argues that the trial court erred in concluding that an estate had never been opened on behalf of the decedent, Robert Wilks, Sr. For support, appellant suggests that the filing of an Inheritance Tax Return by Mr. Wilks, Jr. was sufficient to constitute the opening of an estate for the decedent. Appellant also asserts that an estate was opened by virtue of the fact that Mr. Wilks, Jr. has allegedly disposed of estate assets and paid estate debts. Appellant is in error.

■ All transfers of property by will, by the intestacy laws of this Commonwealth, or as otherwise defined in the inheritance tax law are subject to an inheritance tax. *See* 72 P.S. § 9102 (defining a transfer as the passage of ownership of property, or interest from property or income from property); 72 P.S. § 9106 (inheritance tax is imposed upon every transfer subject to tax under this article) and 72 P.S. § 9107 (transfers enumerated within this section are subject to the tax imposed by section 9106). It is not necessary for a personal representative to be appointed for the purpose of filing an inheritance tax return, as such a return may be made by the transferee of the decedent's property. *See* 72 P.S. § 9136(a). From these provisions, it is evident that inheritance tax must be paid and a return filed regardless of the existence of a decedent's estate in the Orphans' Court. We therefore conclude that the filing of an inheritance tax return, standing alone, cannot be construed as evidence that an estate was opened or otherwise exists for the purposes of allowing suit to be brought.[5]

5. Appellant does not specifically argue that Mr. Wilks, Jr.'s filing of the inheritance tax return was sufficient to cause him to be treated as an executor *de son tort* for purposes of suit. However, such a claim would be without merit. As we previously indicated, the filing of an inheritance tax return is not a duty which is exclusively limited to the

■ We similarly reject appellant's claim that an estate exists because of the disposition of assets and payment of debts by Mr. Wilks, Jr.[6] The PEF Code does not explicitly define what constitutes an estate.[7] Nor does the code otherwise delineate the conditions which must exist for an estate to be opened. It may nonetheless be inferred from a review of the PEF Code that an estate generally is raised or comes into existence upon the appointment of a personal representative, since it is from this act that the law imposes upon the personal representative the duties to advertise his appointment, administer and distribute the decedent's assets, and pay any liabilities of the decedent.[8] *See, e.g.,* 20 Pa.C.S.A. § 3161 (requiring personal representative to advertise the grant of letters immediately after they have been granted); 20 Pa.C.S.A. § 3301(a) (directing personal representative to file an inventory of the decedent's assets within three months after his/her appointment); 20 Pa.C.S.A. § 3501.1 and Pa.O.C.R., Rule 6.4, 20 Pa.C.S.A. (governing the filing of an account by the personal representative). However, nothing in the PEF Code expressly requires the appointment of a personal representative or

personal representative, as the inheritance tax law permits a return to be filed by a transferee. 72 P.S. § 9136. Moreover, this court has held that conduct of this type is not the type of act which will make an individual an executor *de son tort. Lovejoy v. Georgeff,* 224 Pa.Super. 206, 213–214, 303 A.2d 501, 504–505 (1973).

6. Again, appellant does not argue that Mr. Wilks, Jr. has become an executor *de son tort* because of this conduct. Even were we to assume, *arguendo,* that such conduct was sufficient it would not warrant the grant of relief here since appellant has not attempted to sue Mr. Wilks, Jr. in this capacity.

7. The decedent's estate, for tax purposes, includes all real property, tangible personal property and intangible personal property owned by the decedent. 72 P.S. § 9102. For the purposes of the PEF Code a broader definition is required, since an estate necessarily encompasses the administration and distribution of the decedent's assets and the payment of any liabilities or debts in the manner prescribed by law, *i.e.,* the PEF Code and the Orphans' Court rules promulgated by our Supreme Court and the courts of common pleas.

8. Contrary to appellant's belief, an estate is not probated; rather, it is a will which is submitted for probate. *See* 20 Pa.C.S.A. § 3131 (providing that a will of a resident decedent shall be probated by submitting it to the register of wills of the county where the decedent had his last family or principal residence).

the submission of a will for probate. In fact, the PEF Code explicitly authorizes the disposition of a decedent's assets and payment of liabilities without the appointment of a personal representative, submission of a will for probate or the formal administration of an estate under certain circumstances. *See, e.g.,* 20 Pa.C.S.A. § 3102 (providing for the settlement of small estates upon petition of any party in interest where the gross value of the estate, exclusive of real estate and property payable under section 3101, does not exceed $10,000 regardless of whether letters have been issued or a will probated).[9]

In this case, it does not appear from the record that a personal representative was appointed or that a will was submitted for probate. Although appellant claims that estate assets have been sold and that some of the debts have been paid, there is no indication that an estate has been or is in the process of being administered in the manner prescribed by the PEF Code. Nor is there any evidence that the decedent's assets have been disposed of by means of the procedure set forth in section 3102, *supra.* Since none of the pertinent indicia of an estate exist, and because the mere filing of an inheritance tax return is insufficient to otherwise establish the existence of an estate, the trial court did not err in concluding that an estate was not opened for the decedent.

■ In his final allegation of error, appellant contends that the trial court erred in dismissing the complaint because a binding contract existed between appellant and the decedent. The question of whether a valid and enforceable contract exists cannot properly be resolved at the preliminary objection stage or in this appeal because no evidence has been presented on this subject. Rather, the only matters to be addressed via preliminary objections are those which are enumerated in

9. According to the inheritance tax return, the decedent's assets in this case, excluding his real estate, totaled $8,342.02. The decedent's assets thus appear to fall within the class of estates which are eligible for settlement upon petition. The record does not disclose whether the decedent's estate was in fact distributed pursuant to section 3102. If the decedent's estate was settled in this manner and a final decree of distribution has been entered, then appellant must petition the Orphans' Court to revoke the decree so that his claim can be proved or preserved in the Orphans' Court. 20 Pa.C.S.A. § 3102.

Pa.R.C.P., Rule 1028(a)(1)–(a)(6), 42 Pa.C.S.A. As we previously indicated, appellant's complaint was not dismissed because he failed to adequately plead the existence of a valid cause of action; it was instead dismissed on the ground that he sued the wrong party. Because appellant is not entitled to the grant of any relief, we affirm the order of the trial court.

Order affirmed.