686 A.2d 1350

**Julius NELSON, Appellant,**

v.

**ESTATE of Jonathan MASSEY, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1996.

Filed Dec. 31, 1996.

Joan Atlas, Philadelphia, for appellant.

Michael Saltzburg, Philadelphia, for appellee.

Before DEL SOLE, BECK and POPOVICH, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order granting Appellee's preliminary objections and striking Appellant's Complaint which was filed against the "Estate of Jonathan Massey," rather than the personal representative of the decedent's estate. We affirm.

On December 9, 1992, Appellant was involved in an automobile accident with Jonathan Massey, who was insured by State Farm Insurance Company. Appellant and State Farm sought to resolve matters through a non binding Alternate Dispute Resolution, but a settlement was not realized. Appellant then filed suit against Jonathan Massey in August of 1994, however unbeknownst to Appellant, Mr. Massey had died a few months earlier on May 3, 1994. Counsel for State Farm advised Appellant of Mr. Massey's death in January of 1995. As a result of obtaining this information, Appellant discontinued his action and on March 30, 1995 filed the Complaint at issue against the Estate of Jonathan Massey. In June, Appellee filed preliminary objections. Appellant answered and filed a motion for leave to amend the complaint to substitute the personal representative as the defendant. The court issued an order in August, sustaining the preliminary objections and dismissing the Complaint.

Appellant acknowledges that because of the decedent's death the Statute of Limitations was extended for one year from his death, to May 3, 1995. Although the second action filed by Appellant was within this time period, it named as a

defendant, the estate rather than the personal representative. The trial court found that because an action cannot be had against an estate but must be made against a personal representative, Appellant's complaint had to be dismissed.

■ Appellant argues that Appellee engaged in fraud by not providing him with timely notice of the decedent's death and failing to disclose the identity of the administrator who resided in Ohio. Therefore, he was unable to file a timely Complaint naming the administrator rather than the estate. Appellant asserts that his failure to name a personal representative is a defect which may be corrected by amendment, and the trial court erred in not permitting him to take such action. In support of his position Appellant cites to two cases, *Myers v. The Estate of Wilks*, 440 Pa.Super. 176, 655 A.2d 176 (1995), and *Finn v. Dugan*, 260 Pa.Super. 367, 394 A.2d 595 (1978).

Our reading of these cases causes us to conclude that they do not support Appellant's position, but rather confirm the action taken by the trial court. In *Myers*, this court affirmed a trial court's order sustaining preliminary objections and dismissing a complaint filed against the estate of a decedent. This court upheld the trial court's decision which found that the estate of the decedent was not a proper party-defendant. We went on to hold that even where an estate has not been raised and no personal representative appointed, the plaintiff's remedy is to secure the appointment of a personal representative by applying to the Register of Wills for the issuance of letters testamentary or letters of administration. In support of its ruling this court in *Myers* cited to *Finn v. Dugan*, *supra*. In *Finn* it was also held that "all actions that survive a decedent must be brought by or *against* a personal representative." *Finn v. Dugan*, 260 Pa.Super. at 369, 394 A.2d at 596 This court in *Finn* noted that there was no active concealment of the personal representative shown and that it was the plaintiff's responsibility to have procured the appointment of an administrator if one had not been appointed. This court ruled that an amendment to the Complaint to later name the administrator could not be made since the statute of limitations had run.

 Likewise in this case, despite Appellant's claims, he has offered nothing which would suggest fraud or concealment. Appellee advised Appellant of the decedent's death months before the statute of limitations would have expired. Appellee had no duty to advise Appellant of the name of the personal representative and there is no claim made which would suggest that the identity of this individual was concealed. Although it was later determined that the estate was raised in Ohio, the decedent was a resident of Philadelphia and it was Appellant's responsibility to inquire of the Register of Wills of Philadelphia County to determine if a personal representative had been appointed. If such inquiry lead him to believe that no administrator had been appointed, Appellant should have taken action to have such a person appointed in a timely manner. *See Myers v. Estate of Wilks, supra,* and *Finn v. Dugan, supra.*

 Because Appellant failed to act in a timely manner to amend his Complaint to name an administrator instead of the estate and because an action cannot be maintained against an estate, the trial court was correct in granting Appellee's Preliminary Objections and dismissing Appellant's complaint.

Order Affirmed.