## Security National Bank v. Catlin Estate

*Jeffrey Karver,* for plaintiff.
*John R. O'Rourke,* for defendant.

BERTIN, *J.,* October 16, 1997—

## FACTUAL AND PROCEDURAL HISTORY

On April 8, 1996, plaintiff, Security National Bank, filed a mortgage foreclosure action against the estate of James A. Catlin, deceased, docket 96-06436. The bank brought the April 8, 1996 action to foreclose a

mortgage,[1] dated April 19, 1993, between James A. Catlin, as mortgagor, and the bank, as mortgagee, because the mortgage was in default. The mortgage secured a certain note executed by James A. Catlin, dated April 19, 1993, in the amount of $188,000, and the land subject to the mortgage is described in the note as 30 North Roland Avenue, Pottstown, Pennsylvania. On June 7, 1996, the prothonotary entered a judgment by default in favor of the bank and against the estate because of the estate's failure to file an answer. In execution of the judgment, a sheriff's sale of the premises, titled in the name of the decedent, located at 30 North Roland Street, Pottstown, Pennsylvania, was held on August 21, 1996. The bank purchased the property at the sheriff's sale and by deed dated and recorded September 12, 1996,[2] the sheriff of Montgomery County transferred title of the 30 North Roland Street premises to the bank. The property was subsequently sold on October 31, 1996 to a third-party purchaser.

On October 2, 1996, the bank filed another complaint against the estate, docket 96-17306, alleging that decedent James A. Catlin and the estate failed to make monthly installment payments due on certain notes executed by the decedent and requesting the court to enter judgment against the estate in the amount of $246,054.47, adjusted as necessary as of the date of entry of judgment, together with the costs of the action. One of the notes, described as loan no. 500060200,

---

1. The mortgage is recorded in the Office of the Recorder of Deeds of Montgomery County, Pennsylvania, in mortgage book 7115, page 1474. (See 96-06436 complaint, at ¶1.)

2. The deed is recorded in Montgomery County Deed Book, volume 5161, page 72.

was the subject of the mortgage foreclosure action in 96-06436.[3] The bank acknowledged that adjustments would be made to the amounts due on the notes because of the foreclosure of the mortgage securing payment of the note described as loan no. 500060200 and the estate's agreement to a prospective sale of property located in Ontario, Canada, which secures the note described as loan no. 7002114394. (See 96-17306 complaint, at ¶11(A), (B).)

Howard E. Kalis III, Esquire, accepted service of the complaint on October 9, 1996 and filed an acceptance of service on October 24, 1996. The estate did not file an answer to the complaint, and the prothonotary entered a default judgment against the estate in the amount of $246,054.47, on December 30, 1996.

On March 5, 1997, the bank filed a petition to fix the fair value of real property, located at 30 North Roland Street, Pottstown, Pennsylvania, pursuant to the provisions of the Deficiency Judgment Act, 42 Pa.C.S. §8103. On March 25, 1997, John R. O'Rourke, Esquire, filed an entry of appearance for the estate and an acceptance of service of the petition to fix the fair value

---

3. The following are the other notes executed by decedent, James A. Catlin, and in default as alleged by the bank in the complaint:

(1) Loan no. 7002114394 dated August 21, 1991 in the original principal amount of $21,500. Monthly payments in default since August 1995. (See 96-17306 complaint, at ¶¶5, 6.)

(2) Loan no. 7002114723 dated April 8, 1994 in the original principal amount of $25,500. The note was secured by liens on two automobiles owned by the decedent, one of which was "totalled" as a result of a car accident prior to the death of the decedent. Proceeds of the insurance on that automobile have been paid to plaintiff and applied to payment of the loan. $1,441.46 accrued interest remains due on the loan. (See 96-17306 complaint, at ¶¶7, 8, 9.)

of real property. Plaintiff requested that the fair market value of the property be fixed at $113,369.41.

On April 7, 1997, the estate filed preliminary objections to the petition, requesting the court to dismiss the complaint and to strike the bank's petition, since the estate is not a proper party to the suit. Plaintiff responded by filing an answer to the preliminary objections and a motion to amend the caption of the complaint to name as defendants the co-executors of the estate of James A. Catlin on April 18, 1997. The estate filed an answer to plaintiff's motion to amend the caption on May 14, 1997.

By stipulation and order to consolidate for argument dated June 23, 1997, case nos. 96-17306 and 97-01265[4] were consolidated for argument.

On August 13, 1997, after consideration of oral argument and briefs, the undersigned granted defendant's preliminary objections to plaintiff's petition to fix the fair value of real property, striking plaintiff's petition, dismissing the complaint, and denying plaintiff's motion to amend the caption.

On September 12, 1997, the plaintiff filed a notice of appeal, appealing the order of August 13, 1997 on docket 96-17306.

---

4. 97-01265 is a complaint filed by the bank against Howard E. Kalis III, Lance B. Catlin, Ronald A. Dinnocenti and Ronald Derecola, co-executors of the estate of James A. Catlin, deceased, on January 22, 1997 and amended March 5, 1997. The amended complaint requested the court to enter judgment against the defendants for the amount due because of the default of the decedent and the defendant co-executors on loan no. 500060200, the same loan described in 96-17306. By order dated September 2, 1997, the court granted the defendants' preliminary objections and dismissed the amended complaint.

## ISSUES

(1) Did the court err by sustaining the defendant's preliminary objections to the plaintiff's petition to fix the fair value of real property because the estate of the decedent is not a proper party to a suit and, therefore, the suit is a nullity?

(2) Did the court err by denying the plaintiff leave to amend the caption of the complaint to name as defendants the co-executors of the estate of James A. Catlin?

## DISCUSSION

(1) The court did not err by sustaining the defendant's preliminary objections to the plaintiff's petition to fix the fair value of real property because the estate of the decedent is not a proper party to a suit and, therefore, the suit is a nullity.

"Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court by due process of law. It is the right to adjudicate concerning the subject-matter in a given case, and this implies that the court must have cognizance of the class of cases to which the one to be adjudicated belongs. *The proper parties must be present* and the decision must be within the issues. Without such jurisdiction there is no authority to give judgment, and one so entered is without force or authority. Jurisdiction rests on power and not on consent. . . . Jurisdiction must be clearly conferred, and cannot be assumed by implication. Where jurisdiction is nonexistent, jurisdiction cannot be conferred upon a court by the act of the reviewing court." 10 P.L.E. Courts §11 (1970). (emphasis added) (footnotes omitted)

"In order to maintain an action it is essential that the parties plaintiff or defendant have actual legal existence." 28 P.L.E. Parties §2 (1960). (footnote omitted) "[N]either by act of the parties nor by the act of this [Pennsylvania Supreme] Court can jurisdiction be conferred upon a court where jurisdiction is nonexistent." *Pozzuolo Estate,* 433 Pa. 185, 193, 249 A.2d 540, 545 (1969). See also, *Peterson v. Foden,* 59 D.&C.2d 440, 443 (Bucks County, 1973) ("the action [in trespass against a deceased individual] being a nullity, the court has jurisdiction over nothing and nobody.").

"An action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive." Act of June 30, 1972, P.L. 508, no. 164, §2, 20 Pa.C.S. §3373. Suits against a decedent's estate must be initiated against the personal representative of the estate in his/her capacity as the executor or administrator of the estate. *Ehrhardt v. Costello,* 437 Pa. 556, 561-62, 264 A.2d 620, 623 (1970); *Nelson v. Estate of Massey,* 455 Pa. Super. 71, 73, 686 A.2d 1350, 1351 (1996), *allocatur denied,* 548 Pa. 637, 694 A.2d 622 (1997); *Myers v. Estate of Wilks,* 440 Pa. Super. 176, 181, 655 A.2d 176, 178 (1995); *Van Mastrigt v. Delta Tau Delta,* 393 Pa. Super. 142, 150, 573 A.2d 1128, 1131-32 (1990); *D'Orazio v. Locust Lake Village Inc.,* 267 Pa. Super. 124, 127, 406 A.2d 550, 551 (1979); *Finn v. Dugan,* 260 Pa. Super. 367, 369, 394 A.2d 595, 596 (1978); *Lovejoy v. Georgeff,* 224 Pa. Super. 206, 212, 303 A.2d 501, 504 (1973); *Wilkes-Barre General Hospital v. Lesho,* 62 Pa. Commw. 222, 225, 435 A.2d 1340, 1342 (1981).

In *Thompson v. Peck,* 320 Pa. 27, 181 A. 597 (1935), the Pennsylvania Supreme Court stated the following basic rule:

"It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. A dead man cannot be a party to an action . . . and any such attempted proceeding is completely void and of no effect." *Id.* at 30, 181 A. at 598.

The Pennsylvania Superior Court stated that "[t]here are three parties who may maintain actions; natural persons, artificial persons or corporations, and partnerships." *Appeal of the Estate of W. L. Powell,* 80 Pa. Super. 585, 586 (1923). "There is no such legal entity as an 'estate.' 'It is a convenient phrase sometimes to identify the subject of litigation in the orphans' court, and in proceedings in rem it may be treated as harmless superfluity, but as a designation of a party to be served with a writ it is unknown to the law': *Jones v. Beale,* 217 Pa. 182." *Appeal of the Estate of W. L. Powell,* 80 Pa. super. at 586-87.

An action against the "estate" of the decedent is a nullity because the "estate" does not constitute a legal entity. *Casner v. Fisher,* 22 D.&C.2d 1, 7 (Mifflin County, 1960). In *Pargas of Tannersville Inc. v. Case,* 46 D.&C.2d 240 (Monroe County, 1969), the court stated the following:

"This suit was instituted against Dorothea M. Case and Edward H. Case estate. While the question has not been raised by the preliminary objection, the court feels it has the duty to point out that a deceased person

may not be made a party to a suit and any such action is completely void. . . . This being true, it is obvious that the present action so far as it relates to the 'Edward H. Case estate' is *absolutely void.*" *Id.* at 242. (emphasis added)

In *Casner v. Fisher,* the plaintiff filed a praecipe for writ of summons in trespass against the "Estate of C. J. Fisher." 22 D.&C.2d at 2. The court stated that "[i]n the instant case, the action was brought against a nonentity. 'Estate of C.J. Fisher' was neither a person nor an entity. Consequently, the action was instituted against something that had no legal existence and was a nullity." *Id.* at 7. The court found "service upon the personal representative was void because there could be no service upon the 'estate.' " *Id.* at 6.

In two recent Pennsylvania Superior Court cases, *Myers v. Estate of Wilks,* 440 Pa. Super. 176, 178, 655 A.2d 176, 177 (1995), and *Nelson v. Estate of Massey,* 455 Pa. Super. 71, 72, 686 A.2d 1350, 1350-51 (1996), *allocatur denied,* 548 Pa. 637, 694 A.2d 622 (1997), the Superior Court affirmed the trial courts' orders sustaining preliminary objections and dismissing the complaints filed against the estates of the decedents.

In *Myers,* the trial court found that the estate of the decedent was not a proper party-defendant. 440 Pa. Super. at 180, 655 A.2d at 178. The Superior Court stated: "[I]t is clear that appellant has sued the wrong defendant. Instead of the 'Estate of Robert Wilks Sr.,' appellant should have named as the defendant the personal representative of the estate of Robert Wilks Sr., in his capacity as the executor or administrator of the estate." *Id.* at 181, 655 A.2d at 178.

The Superior Court indicated that a plaintiff's remedy, where an estate has not been raised and no personal representative appointed, is to "secure the appointment

of a personal representative by applying to the register of wills for the issuance of letters testamentary or letters of administration to a qualified individual. . . . " *Id.*

In *Nelson,* the trial court dismissed the complaint because an action cannot be maintained against an estate but must be commenced against a personal representative. *Id.* at 73, 686 A.2d at 1351. The Superior Court found that the plaintiff/appellant offered nothing to suggest fraud or concealment on the part of the defendant/appellee. *Id.* at 74, 686 A.2d at 1351.

"Appellee advised appellant of the decedent's death months before the statute of limitations would have expired. Appellee had no duty to advise appellant of the name of the personal representative and there is no claim made which would suggest that the identity of this individual was concealed . . . it was appellant's responsibility to inquire of the Register of Wills of Philadelphia County to determine if a personal representative had been appointed. If such inquiry led him to believe that no administrator had been appointed, appellant should have taken action to have such a person appointed in a timely manner." *Id.* at 74, 686 A.2d at 1351-52. (citations omitted) See also, *Finn v. Dugan,* 260 Pa. Super. at 370-71, 394 A.2d at 597 (plaintiff did not demonstrate active concealment of the personal representative by defendant and it was the plaintiff's responsibility to have procured the appointment of an administrator if one had not been appointed). "Responsibility for suit against the proper defendant rests upon the plaintiff and the defendant is under no duty to inform plaintiff whom he should sue." *Taylor v. Humble Oil and Refining Co.,* 225 Pa. Super. 177, 180, 311 A.2d 324, 325 (1973).

In the case at bar, there is no valid action before the court. The court lacks jurisdiction because the proper

party is not before the court. As such, any judgment the court would enter would be invalid. Therefore, the case must be dismissed. Furthermore, the plaintiff has failed to show any fraud or concealment of the identity of the personal representatives in this case. Since it is the responsibility of the plaintiff to discover the identity of the personal representative and to have a personal representative appointed if there is none, the plaintiff in this case has failed in its burden. The plaintiff was well aware of an important element of its case, that James A. Catlin was deceased. The plaintiff acknowledged in both complaints, 96-06436 and 96-17306, that James A. Catlin was deceased and that he died on September 28, 1995. (See 96-06436 complaint, at ¶2; 96-17306 complaint, at ¶2.) It was then plaintiff's responsibility to discover the identities of the personal representatives and to bring suit against them, not the decedent's estate. 20 Pa.C.S. §3373 clearly provides for suit against the personal representative of an estate. Plaintiff made no effort to amend its complaint to designate the four co-executors as defendants until after the estate filed preliminary objections to the motion to fix the fair value of real property.

If the Superior Court in *Myers* and *Nelson* would not excuse plaintiffs who named estates as defendants, it should not now excuse a plaintiff who acknowledged the decedent's death in its complaints but then failed to properly name the personal representatives of the estate as defendants.

The fact that Howard E. Kalis III, Esquire, attorney for the estate and one of four co-executors, accepted service of the complaint in the present case is immaterial since the court has jurisdiction over nothing and nobody, and as stated in *Custren v. Curtis,* 392 Pa. Super. 394, 572 A.2d 1290 (1990), *allocatur denied,* 527 Pa. 646,

593 A.2d 419 (1991), "[n]o authority supports the proposition that a party may 'waive' voidness of an action." *Id.* at 397, 572 A.2d at 1291. By accepting service, Attorney Kalis did not "waive" the voidness of the present action. The court in *Casner* explained why service on the personal representative was void:

"The sheriff's return showing service of the writ of summons in trespass 'upon Margaret S. Fisher, administratrix of the estate of C. J. Fisher, defendant,' cannot cure the failure to name a legal entity as defendant. Consequently, the service upon the personal representative was void because there could be no service upon the 'estate.' " 22 D.&C.2d at 6.

(2) The court did not err by denying the plaintiff leave to amend the caption of the complaint to name as defendants the co-executors of the estate of James A. Catlin.

The Act of December 20, 1982, P.L. 1409, no. 326, art. II, §201, 42 Pa.C.S. §5525(7) provides that the statute of limitations for an "action upon a negotiable or nonnegotiable bond, note, or other similar instrument in writing . . . " is four years. The Deficiency Judgment Act, Act of July 9, 1976, P.L. 586, no. 142, §2, 42 Pa.C.S. §8103, states:

"Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. This petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered." 42 Pa.C.S. §8013(a).

Pursuant to 42 Pa.C.S. §8103(d) and the Act of October 5, 1980, P.L. 693, no. 142, §221(i)(1), as amended December 20, 1982, P.L. 1409, no. 326, art. II, §201, 42 Pa.C.S. §5522(b)(2), the judgment creditor has six months from the sale of the property to file a petition to fix the fair market value of the real property sold. The six month period has been interpreted to run from the date of the delivery of the deed by the sheriff. *Marx Realty & Improvement Co. Inc. v. Boulevard Center Inc.*, 398 Pa. 1, 6-7, 156 A.2d 827, 830 (1959); *Delaware Valley Factors Inc. v. G. B. Echenhofer Co. Inc.*, 226 Pa. Super. 165, 170, 313 A.2d 318, 321 (1973). In the present case, the sheriff delivered the deed on September 12, 1996. Therefore, the time to file the petition to fix the fair market value expired on March 12, 1996. Although the statute of limitations has not expired for filing an action on the note, the time has expired for the filing of the petition to fix the fair market value of the real property sold.

Plaintiff's motion to amend the caption must be denied for two reasons: first, a nullity cannot be amended, and, second, an amendment would bring in new parties after the expiration of the time period to file a petition to fix fair market value. See *Casner,* 22 D.&C.2d at 12. "There can be no amendment where there is nothing to amend. In any event, an amendment the effect of which is to bring in new parties after the running of the statute of limitations, will not be permitted." *Thompson,* 320 Pa. at 30, 181 A. at 598. (citations omitted) See also, *Nelson, supra* at 74, 686 A.2d at 1352. Pa.R.C.P. 1033 states that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time . . . correct the name of a party. . . ."

Even though Pa.R.C.P. 126 calls for the liberal construction of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. 1033 presupposes an actual party in a pending case.

"These rules presuppose that a legal party is properly before the court. You cannot correct the name of a party that has no legal existence, after the statute of limitations has run. Where the action is void there can be no correction of name of a party because to permit a correction would amount to adding a new party after the statute had run, and this, as we have noted, cannot be permitted." *Casner,* 22 D.&C.2d at 9. See also, *Ervin v. Wood,* 12 D.&C.3d 231, 232-33 (Philadelphia County, 1979). The test instituted by Justice Horace Stern in *Gozdonovic v. Pleasant Hills Realty Co.,* 357 Pa. 23, 53 A.2d 73 (1947), for amending a complaint's designation of a defendant, is "whether the right party was sued but under a wrong designation, or whether a wrong party was sued and the amendment was designed to substitute another and distinct party." *Id.* at 29, 53 A.2d at 76. In the former situation, the amendment would be permissible. In the latter situation, the amendment would not be permissible. See also, *Powell v. Sutliff,* 410 Pa. 436, 438-39, 189 A.2d 864, 865 (1963) (the proposed amendment merely sought to correct the designation of the business entity from a partnership to a corporation).

In the present case, no legally cognizable party was sued. The court cannot allow an amendment because new and different parties, the four co-executors, would be added to the complaint after the expiration of the time to file a petition to fix the fair market value.

212

## CONCLUSION

For the foregoing reasons, this court's order of August 13, 1997, granting defendant's preliminary objections to plaintiff's petition to fix fair value of real property, striking plaintiff's petition, dismissing the complaint and denying plaintiff's motion to amend the caption should be affirmed.