J-S19031-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| AARON CRAWFORD, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MARKESE ANDERSON AND ROBERT | : | |
| HOLMES AND JEFFREY JACKSON, | : | |
| | : | |
| Appellees | : | No. 3217 EDA 2018 |

Appeal from the Order Entered October 1, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 18090320800006

BEFORE:    LAZARUS, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED JUNE 18, 2019**

Aaron Crawford appeals *pro se* from the order entered on October 1, 2018, which granted Crawford's motion to proceed *in forma pauperis* (IFP) and dismissed his complaint with prejudice.  Upon review, we vacate the order and remand for proceedings consistent with this memorandum.

On September 26, 2018, Crawford filed *pro se* a complaint in the Philadelphia Court of Common Pleas against Markese Anderson, Robert Holmes, and Jeffrey Jackson (collectively, Defendants).   According to Crawford, his brother, Anthony Crawford, was a resident in a rehabilitation facility, Dignity Recovery Group, which was owned and operated by Defendants.  On June 25, 2017, Anderson found Anthony dead inside the facility, where he had "been decomposing for days." Complaint, 9/26/2018,

_____
*Retired Senior Judge assigned to the Superior Court.

at ¶ 11. In his complaint, Crawford asserted a claim against Defendants for negligence. In addition, Crawford filed a petition to proceed IFP.

On September 27, 2018, the trial court entered an order granting Crawford permission to proceed IFP and dismissing the complaint for failure to state a cause of action pursuant to Pa.R.C.P. 240(j)(1). Crawford timely filed a notice of appeal, and both Crawford and the trial court complied with Pa.R.A.P. 1925.

On appeal, Crawford claims the trial court erred in dismissing his complaint. We review this claim mindful of the following.

> Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. Rule 240 provides for a procedure by which a person who is without the financial resources to pay the costs of litigation may proceed *in forma pauperis*. Pa.R.C.P. 240 []. Subsection (j) thereof describes the obligation of the trial court when a party seeks to proceed under this Rule:
>
> > (j) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.
>
> Pa.R.C.P. 240(j). [] "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" *Id*. at Note. Under Rule 240(j), an action is frivolous if, on its face, it does not set forth a valid cause of action. As we review [an appellant's] complaint for validity under Rule 240, we are mindful that a *pro se* complaint should not be dismissed simply because it is not artfully drafted.

***Bell v. Mayview State Hosp.***, 853 A.2d 1058, 1060 (Pa. Super. 2004).

On appeal, Crawford argues that the trial court erred in dismissing his complaint because even though it granted him IFP status, it *sua sponte* dismissed the complaint "without offering any reason." Crawford's Brief at 5. Here, the trial court concluded that Crawford was asserting a claim "for the wrongful death of his brother, Anthony [], based on the theory of negligence." Trial Court Opinion, 12/12/2018, at 3-4 (unnumbered). The trial court concluded that Crawford lacked standing under the wrongful death statute to assert such a claim; therefore, the complaint was frivolous.

In Pennsylvania, actions to recover damages for the death of an individual are governed by 42 Pa.C.S. § 8301, which provides the following, in relevant part.

> An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery.

***Id***. at § 8301(a).

"[T]he right of action created by this section shall exist only for the benefit of the spouse, children or parents of the deceased." ***Id***. at § 8301(b). "If no person is eligible to recover damages under subsection (b), the personal representative of the deceased may bring an action to

recover damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death." *Id*. at § 8301(d); *see also* Pa.R.C.P. 2202(a) ("[A]n action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death."). "'[P]ersonal representative' means the executor or administrator of the estate of a decedent duly qualified by law to bring actions in this Commonwealth." Pa.R.C.P. 2201.

Here, Crawford is the brother of Anthony; thus, he is not a spouse, child, or parent of the decedent. In order to bring a wrongful death action on his brother's behalf, he must be Anthony's personal representative. The complaint filed by Crawford does not allege that he has opened an estate on his brother's behalf, or that he has been appointed as the administrator of that estate. *See Finn v. Dugan*, 394 A.2d 595, 596 (Pa. Super. 1978) ("The law is clear that all actions that survive a decedent must be brought by or [a]gainst a personal representative, duly appointed by the Register of Wills.").

Based upon the foregoing, we agree with the trial court that Crawford lacked standing to pursue this action. A complaint filed by one who lacks standing "lacks an arguable basis either in law or in fact." Pa.R.C.P. 240(j)

Note. Accordingly, we conclude the trial court did not err or abuse its discretion in dismissing Crawford's complaint as frivolous.[1]

However, we point out that the trial court should not have granted Crawford's petition to proceed IFP. Rule 240(j) provides that a court may not take action on a petition to proceed IFP "if it is satisfied that the action, proceeding or appeal is frivolous." Pa.R.C.P. 240(j). Here, because the trial court concluded that Crawford's complaint was frivolous, it should not have made any ruling on his petition to proceed IFP. Accordingly, we vacate that portion of the trial court's order.

Order affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 6/18/19

---

[1] We point out that Crawford may still open an estate on his brother's behalf and become personal representative for the estate. In that case, Crawford could try to file another complaint.