ROGALSKI v TAVERNIER

Docket No. 150189. Submitted July 5, 1994, at Detroit. Decided January 17, 1995, at 9:05 A.M. Leave to appeal sought.

Nancy Rogalski, Allen Rogalski, Angela Rogalski, and Dawn Rogalski, both individually and as next friend of Nancy Lee Rogalski, brought an action in the Macomb Circuit Court against Kathy Sue and Mark Tavernier, seeking damages for injuries allegedly suffered as a proximate result of the defendants having allowed Dawn Rogalski and John Knoth, both of whom were under the age of twenty-one years, to consume alcoholic beverages at a party the defendants were hosting. The plaintiffs alleged that they had suffered damages both as a result of an altercation in the Rogalski home when Dawn, after leaving the defendant's party, was followed home by Knoth who, after being refused admittance, entered the house through a window and was stabbed and killed by Dawn and as a result of Dawn's conviction of and incarceration for second-degree murder of Knoth. The court, Michael D. Schwartz, J., granted summary disposition for the defendants, finding no causal link between the unlawful serving of alcoholic beverages by the defendants and plaintiffs' claimed damages. The plaintiffs appealed.

The Court of Appeals held:

Section 33 of the Liquor Control Act, MCL 436.33; MSA 18.1004, imposes a duty not to furnish alcoholic beverage to a person under twenty-one years of age. The plaintiffs alleged that the defendants breached that duty and that the breach of that duty was a proximate cause of their alleged damages. However, because criminal or violent acts are not foreseeable results of the serving of alcoholic beverages to underage persons, the plaintiffs failed to establish a proximate causal link between the defendants' act of serving the alcoholic beverages and the damages allegedly suffered by the plaintiffs. Accord-

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 274, 554, 555.

Liability, under dramshop acts, of one who sells or furnishes liquor otherwise than in operation of regularly established liquor business. 8 ALR3d 1412.

ingly, the trial court properly granted summary disposition for the defendants, because an action based on guest host liability is not established in the absence of a showing of proximate causation.

Affirmed.

Intoxicating Liquors — Furnishing Liquor to Minors — Criminal Acts — Foreseeability.

Criminal or violent acts are not foreseeable results of serving alcoholic beverages to underage persons; accordingly, guest host liability can not arise as a result of the criminal or violent acts of an intoxicated underage person (MCL 436.33; MSA 18.1004).

*Dolora Paull,* for the plaintiffs.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Nancy J. Bourget*), for the defendants.

Before: Gribbs, P.J., and Reilly and T. L. Brown,* JJ.

Gribbs, P.J. The issue presented is whether social host liability to third parties for the acts of an intoxicated minor guest should be extended to circumstances involving criminal or violent acts. The trial court found that liability should not be so extended in this case and granted summary disposition to defendants. Plaintiffs now appeal as of right. We affirm.

On May 30, 1988, plaintiffs Dawn Rogalski and Angela Rogalski, both under twenty-one years old, attended a party hosted by defendants for their daughter's sixteenth birthday. Alcoholic beverages were consumed at the party. After the party, several teen-agers returned with Dawn and Angela to the Rogalski house. Sometime later, two other teen-agers, John Knoth and Randall Keranen, who had been at the party and who allegedly were allowed to leave the party in an intoxicated state

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and without supervision, arrived at the Rogalski house.

When Dawn would not let them into the house, Knoth entered the house by climbing through a window. Dawn was angry and asked him to leave. He refused, and, at some point, Dawn grabbed a knife from the kitchen and stabbed Knoth once in the chest, killing him. Following a jury trial, Dawn Rogalski was convicted of second-degree murder. This Court affirmed the conviction in an unpublished opinion per curiam. The Michigan Supreme Court reversed the judgment of this Court and remanded the matter for a new trial before a different judge. *People v Rogalski,* 443 Mich 885 (1993).

Plaintiffs argue that defendants breached their duty under MCL 436.33; MSA 18.1004 not to furnish alcoholic beverages to a person under twenty-one years of age and that defendants were negligent in furnishing alcohol to John Knoth and Dawn Rogalski. They further contend that this negligence was the proximate cause of plaintiffs' injuries, which include a cut on Dawn's leg and the ramifications of Dawn's incarceration experienced by the remaining plaintiffs.

The trial court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(8). A motion brought under that rule tests the legal sufficiency of plaintiffs' complaint and should be granted only if the claims are so clearly unenforceable as a matter of law that no factual development possibly could justify recovery. *Longstreth v Gensel,* 423 Mich 675, 678; 377 NW2d 804 (1985). In granting defendants' motion, the trial court found that there was no causal link between the serving of alcoholic beverages by defendants and plaintiffs' claimed damages. It further found that neither breaking and entering nor murder was the

type of harm the Legislature intended to protect against in passing MCL 436.33; MSA 18.1004. We agree.

The issue whether social hosts are responsible for violent or criminal acts that occur after they have furnished alcohol to minors is a case of first impression in Michigan. MCL 436.33(1); MSA 18.1004(1) provides:

> Alcoholic liquor shall not be sold or furnished to a person unless the person has attained 21 years of age. A person who knowingly sells or furnishes alcoholic liquor to a person who is less than 21 years of age, or who fails to make diligent inquiry as to whether the person is less than 21 years of age, is guilty of a misdemeanor. A suitable sign which describes the section and the penalties for violating the section shall be posted in a conspicuous place in each room where alcoholic liquors are sold. The signs shall be approved and furnished by the state liquor control commission.

In *Longstreth,* the Court found that MCL 436.33; MSA 18.1004 applied to social hosts as well as licensees under the Liquor Control Act. 423 Mich 683-684. In reviewing the statute, the Court found that it was a penal statute, but that violation of the statute created only a rebuttable presumption of negligence. *Id.* at 692-693. The Court concluded that the protected class under the statute was those individuals under the legal drinking age. *Id.* at 693. That case, as do all other cases of social host liability in Michigan, dealt with an automobile accident.

The issue of duty is a question of law for the trial court. *Moning v Alfono,* 400 Mich 425, 436-437; 254 NW2d 759 (1977). In *Longstreth,* the Court determined that there is a duty not to serve alcohol to those persons under twenty-one years

old. Duty and proximate cause are interrelated because they both depend on whether the harm resulting from a defendant's conduct and any intervening causes were foreseeable. *Moning, supra* at 439. If the facts bearing upon proximate cause other than causation in fact are not in dispute and if reasonable minds could not differ about applying the legal concept of proximate cause to those facts, then the issue is one for the court. *Richards v Pierce,* 162 Mich App 308, 317; 412 NW2d 725 (1987). The trial court in the instant case found that reasonable minds could not differ that the acts of Knoth and Dawn Rogalski were not foreseeable consequences of defendants' acts. We agree.

This Court finds the reasoning of the court in *Van Mastrigt v Delta Tau Delta,* 393 Pa Super 142; 573 A2d 1128 (1990), to be especially applicable to the instant case. In *Van Mastrigt,* the plaintiff sought damages resulting from injuries due to his incarceration for the murder of another student, claiming that the defendants were responsible for his injuries because of their negligence in serving him alcohol and drugs as a minor. In affirming the trial court's dismissal of the plaintiff's complaint, the court stated:

> Even if we were to agree with appellant that the defendants played a role in placing appellant in his current predicament, we would be unable to make the quantum leap necessary for excusing appellant from his own crime. None of the defendants put a knife in appellant's hand. None of the defendants were responsible for the act of killing Jeanne Goldberg. A court determined that appellant alone was responsible for the actual murder of Jeanne Goldberg. It was as a result of this determination that appellant was incarcerated. If this incarceration has resulted in personal injuries, appellant has only to look to himself for the consequences of his senseless action. [*Id.* at 151.]

See also *Griesenbeck v Walker,* 199 NJ Super 132; 488 A2d 1038 (1985) (social hosts not liable for house fire started across town by minor daughter to whom they had served alcohol, because daughter's acts were not foreseeable).

When the Court in *Longstreth* held social hosts liable for the actions of minors to whom they had served alcohol, it did so in the context of alcohol-related automobile accidents. Such accidents are a danger clearly foreseeable by social hosts. However, criminal or violent acts are not foreseeable results of the serving of alcohol to minors and, therefore, cannot serve as a basis for social host liability.

Because we are affirming the trial court's grant of summary disposition, it is unnecessary to review the remaining issue raised by plaintiffs.

Affirmed.