NICHOLS v DOBLER

Docket No. 228050. Submitted July 16, 2002, at Grand Rapids. Decided
October 25, 2002, at 9:00 A.M.

Steven Nichols, an adult, brought an action in the Kalamazoo Circuit
Court against Jonathan Dobler and Jeffrey Maldonado, seeking
damages for injuries sustained when Dobler, a minor, violently
assaulted Nichols at a party hosted by Maldonado. The plaintiff
alleged that Maldonado was negligent in serving alcohol to Dobler
before the assault occurred. The court, William G. Schma, J.,
entered a judgment and order consistent with the verdict of the
jury in favor of the plaintiff. Maldonado appealed, alleging that his
conduct in serving alcohol to Dobler was not the proximate cause
of the assault on the plaintiff.

The Court of Appeals *held*:

1. The trial court erred in denying Maldonado's motion for sum-
mary disposition on the basis that the statement in *Rogalski v
Tavernier*, 208 Mich App 302, 307 (1995), to the effect that "crimi-
nal or violent acts are not foreseeable results of the serving of alco-
hol to minors and, therefore, cannot serve as a basis for social host
liability" was no longer good law or that *Rogalski* was wrongly
decided. However, while *Rogalski* is still good law, it is distinguish-
able from this case on its facts and does not control this case.

2. This case, in which the adult plaintiff is an innocent victim of
an unprovoked assault that occurred on the premises where alco-
hol was served to the assailant, a minor, and that was an outgrowth
of a dispute that developed at the party, is one in which the issue
of proximate causation was properly left to the jury.

Affirmed.

*William L. Fette* for Steven Nichols.

*Straub, Seaman & Allen, P.C.* (by *Douglas C.
Allen*), for Jeffrey Maldonado.

Before: NEFF, P.J., and WHITE and OWENS, JJ.

PER CURIAM. Defendant Jeffrey Maldonado appeals as of right from a judgment awarding plaintiff $577,267.21, following a jury trial, in this action involving social host liability arising from an assault on plaintiff by a minor who was served alcohol. We affirm.

Plaintiff was repeatedly hit with a hammer by defendant Jonathan Dobler at a party hosted by defendant Maldonado. Plaintiff's complaint alleged that Maldonado was negligent in serving alcohol to Dobler, who was under the age of twenty-one at the time, in violation of MCL 436.33.[1] Relying on *Rogalski v Tavernier*, 208 Mich App 302, 307; 527 NW2d 73 (1995), Maldonado moved for summary disposition pursuant to MCR 2.116(C)(8) arguing that, as a matter of law, his conduct in serving alcohol to Dobler was not the proximate cause of Dobler's criminal assault on plaintiff. The trial court stated that it disagreed with the conclusion in *Rogalski* on the basis that subsequent research has shown that violent behavior is a foreseeable consequence of underage consumption of alcohol and denied Maldonado's motion.

We agree with defendant Maldonado that the trial court erred in denying his motion for summary disposition on the basis that *Rogalski* was wrongly decided or is no longer good law. We conclude, however, that, although there is broad language in *Rogalski, supra* at 307, to the effect that "criminal or violent acts are not foreseeable results of the serving of alcohol to minors and, therefore, cannot serve as a basis for social host liability," the *Rogalski* Court determined

---

[1] MCL 436.33 has since been repealed and replaced by MCL 436.1701.

that as a matter of law there was no proximate cause under the facts of that case.

Serving alcohol to an underage person in violation of MCL 436.33 creates a rebuttable presumption of negligence; however, a plaintiff must still demonstrate that the furnishing of alcohol proximately caused the plaintiff's injury. *Longstreth v Gensel*, 423 Mich 675, 693-695; 377 NW2d 804 (1985). Proximate cause " 'normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences.' " *Haliw v Sterling Heights*, 464 Mich 297, 310; 627 NW2d 581 (2001), quoting *Skinner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994). Generally, proximate cause is a factual issue to be decided by the trier of fact. However, if reasonable minds could not differ regarding the proximate cause of the plaintiff's injury, the court should decide the issue as a matter of law. *Dep't of Transp v Christensen*, 229 Mich App 417, 424; 581 NW2d 807 (1998).

In *Rogalski*, this Court determined that reasonable minds could not disagree that the criminal acts of the minors were not foreseeable consequences of serving alcohol to underage drinkers. In that case, Dawn Rogalski, a minor, had attended a party and consumed alcohol. She left the party with several other teenagers and returned home. Two other teenagers, John Knoth and Randall Keranen, who had also consumed alcohol at the party, went to the Rogalski house, but were not permitted to enter. Knoth then climbed through a window. When Knoth refused to leave, Dawn Rogalski stabbed him in the chest, killing him. The circuit court dismissed the Rogalskis' action against the social hosts finding that there was no

causal link between the serving of alcoholic beverages by the defendants and the plaintiffs' claimed damages. It further found that neither breaking and entering nor murder was the type of harm the Legislature intended to protect against in passing MCL 436.33. The Court of Appeals agreed. The Court of Appeals found the reasoning of the court in *Van Mastrigt v Delta Tau Delta*, 393 Pa Super 142; 573 A2d 1128 (1990), to be particularly applicable:

> In *Van Mastrigt,* the plaintiff sought damages resulting from injuries due to his incarceration for the murder of another student, claiming that the defendants were responsible for his injuries because of their negligence in serving him alcohol and drugs as a minor. In affirming the trial court's dismissal of the plaintiff's complaint, the court stated:
>
> "Even if we were to agree with appellant that the defendants played a role in placing appellant in his current predicament, we would be unable to make the quantum leap necessary for excusing appellant from his own crime. None of the defendants put a knife in appellant's hand. None of the defendants were responsible for the act of killing Jeanne Goldberg. A court determined that appellant alone was responsible for the actual murder of Jeanne Goldberg. It was as a result of this determination that appellant was incarcerated. If this incarceration has resulted in personal injuries, appellant has only to look to himself for the consequences of his senseless action." [*Rogalski, supra* at 306, quoting *Van Mastrigt, supra* at 151.]

The *Rogalski* Court also referred to *Griesenbeck v Walker*, 199 NJ Super 132; 488 A2d 1038 (1985), in which the social hosts were held not liable for a house fire started across town by a minor to whom they had served alcohol, because the acts were not foreseeable. Were we deciding *Rogalski* today, we would come to the same conclusion for the same rea-

sons expressed in that case and the cases on which the *Rogalski* Court relied.

In contrast with *Rogalski* and the cases relied on in *Rogalski*, the criminal or violent act in the instant case occurred on the premises where the alcohol was being served, after a dispute that developed on the premises. Further, unlike *Rogalski* and *Van Mastrigt*, the instant case does not involve an attempt by the intoxicated minor to recover respecting the consequences of his own criminal or violent actions. Rather, here the plaintiff[2] is the victim of the minor's attack. Thus, on its facts the causal connection is not attenuated, as in *Rogalski*.

*Rogalski* can, nevertheless, be read as announcing a broad holding applicable to all cases involving social host liability where the minor's action causing injury is violent or criminal, beyond driving while intoxicated.[3] We do not, however, read *Rogalski* as

---

[2] Plaintiff was twenty-six years old at the time of the incident and therefore was drinking legally.

[3] This Court in *Weiss v Hodge (After Remand)*, 223 Mich App 620, 627-628; 567 NW2d 468 (1997), broadly interpreted *Rogalski* as prohibiting liability of a social host for intentional torts. However, its discussion of *Rogalski* is dicta, given that the case involved dramshop liability.

The issue presented in *Weiss* was whether a liquor licensee under the dramshop statute could be held liable in tort for the intentional act of an inebriated patron who had been furnished liquor by the licensee. The defendant in *Weiss* relied on *Rogalski* to argue that the dramshop statute did not create liability for intentional torts. The *Weiss* Court disagreed, concluding that *Rogalski* was inapplicable:

> [D]efendant's reliance upon *Rogalski, supra,* for the proposition that the *dramshop statute* does not create liability for intentional torts is misplaced. *Rogalski* addressed the issue whether a social host who furnished alcoholic beverages to a minor in contravention of MCL 436.33; MSA 18.1004 (the statute prohibiting the sale or furnishing of alcoholic liquor to minors) could be held liable for damages arising from the minor's criminal acts committed while under

precluding a subsequent panel of this Court from distinguishing *Rogalski* on its facts.

The *Rogalski* Court spoke both narrowly and broadly:

> The issue presented is whether social host liability to third parties for the acts of an intoxicated minor guest should be extended to circumstances involving criminal or violent acts. The trial court found that liability should not be so extended in this case and granted summary disposition to defendants. . . .

the influence of alcohol. Importantly, *Rogalski* did not address liability under the dramshop statute.

Although *Rogalski* refused to extend tort liability to a host for intentional torts, its holding was premised on an interpretation of the statute prohibiting the sale or furnishing of alcoholic liquor to minors, which, unlike the dramshop statute, does not by its terms create civil liability for its infraction. The statute prohibiting the sale or furnishing of alcoholic liquor to minors leaves it to our courts to interpret the civil consequences for its breach. *Longstreth v Gensel*, 423 Mich 675; 377 NW2d 804 (1985). In *Rogalski, supra* at 307, our Court refused to extend judicially created consequences to intentional or criminal conduct based upon the statute prohibiting the sale or furnishing of alcoholic liquor to minors. In contrast, the dramshop statute states that, if the other requisites are met, liability may be imposed where the furnishing of alcohol is proved to be "a proximate cause" of the injury. We do not read this statute as affording this Court the discretion to impose liability only for negligently inflicted injuries.

\* \* \*

In light of the language of the dramshop statute, as well as these cases that have permitted dramshop liability premised upon assaultive behavior of [allegedly intoxicated persons], we decline to adopt the reasoning of *Rogalski* in the dramshop context. The trial court did not err in concluding that *Rogalski* was inapplicable to a dramshop action. [*Weiss, supra* at 627-632.]

The broad interpretation accorded *Rogalski* in *Weiss* is dicta and we are not required to apply it here.

As set forth in *Weiss*, cases have long recognized that there can be a direct causal connection between ingestion of alcohol and violent acts. In that sense, *Weiss* supports our determination in the instant case that the issue of proximate cause was properly left to the jury.

\*     \*     \*

. . . In granting defendants' motion, the trial court found that there was no causal link between the serving of alcoholic beverages by defendants and plaintiffs' claimed damages. It further found that neither breaking and entering nor murder was the type of harm the Legislature intended to protect against in passing MCL 436.33; MSA 18.1004. We agree.

The issue whether social hosts are responsible for violent or criminal acts that occur after they have furnished alcohol to minors is a case of first impression in Michigan. . . .

. . . If the facts bearing upon proximate cause other than causation in fact are not in dispute and if reasonable minds could not differ about applying the legal concept of proximate cause to those facts, then the issue is one for the court. The trial court in the instant case found that reasonable minds could not differ that the acts of Knoth and Dawn Rogalski were not foreseeable consequences of defendants' acts. We agree.

\*     \*     \*

When the Court in *Longstreth* held social hosts liable for the actions of minors to whom they had served alcohol, it did so in the context of alcohol-related automobile accidents. Such accidents are a danger clearly foreseeable by social hosts. However, criminal or violent acts are not foreseeable results of the serving of alcohol to minors and, therefore, cannot serve as a basis for social host liability. [*Rogalski, supra* at 303-307 (citation omitted).]

It is the last quoted paragraph that speaks broadly and purports to state a general rule. However, this paragraph immediately follows the Court's discussion and reliance on *Van Mastrigt* and *Griesenbeck*. Under the circumstances that the *Rogalski* Court spoke both narrowly and broadly, and focused on the specific facts of the case, we will not assume that the Court intended to hold that as a matter of law, all violent or

criminal acts of a minor that do not involve an automobile accident are unforeseeable, and therefore cannot serve as a basis for social host liability, regardless of whether they occur at the premises where the alcohol is served, and can fairly be seen as a foreseeable consequence of the activities taking place along with the provision of alcohol.

The present case differs factually from *Rogalski* because the plaintiff here, an adult, is an innocent victim of an unprovoked attack that occurred on the premises where the alcohol was served and that was an outgrowth of a dispute that developed at the party. The instant case is one in which the issue of proximate causation was properly left to the jury.

Thus, although we do not agree with the trial court's reasoning, we nevertheless affirm on the basis that while *Rogalski* is still good law, it is distinguishable and not controlling here.

Affirmed.