BEEBE v HARTMAN

Docket No. 292194. Submitted September 8, 2010, at Lansing. Decided
November 9, 2010, at 9:05 a.m.

Donald and Eve Beebe brought an action in the Branch Circuit Court
for medical malpractice and derivative claims against Richard J.
Hartman, D.O., Community Health Center of Branch County, Chris-
tina Sheely, D.O., and Family Practice & Orthopedic Care Center,
P.L.L.C. Donald Beebe had fractured his leg in an accident that
occurred when he drove a snowmobile after he had been drinking
beer. When he was admitted for surgery, he had a blood alcohol
content showing that he was intoxicated. Sheely operated on his leg,
with Hartman assisting. After surgery, Beebe suffered from intense
pain and numbness and swelling of his foot. Several months later, he
was diagnosed as having deep compartment syndrome in his leg,
which caused pain in the leg and contracture of his toes and allegedly
resulted from the surgery performed by Sheely. After the Beebes
sued, Community Health Center moved for summary disposition, in
which the other defendants concurred, arguing that the complaint
was barred by MCL 600.2955a because Donald Beebe was intoxicated
at the time of the accident and 50 percent or more the cause of the
snowmobile accident. The court, Pamela L. Lightvoet, J., denied the
motion. After Hartman and Community Health Center were dis-
missed by stipulation, the remaining defendants moved to dismiss the
cause of action. The court entered the parties' stipulation that
plaintiff's intoxication was 50 percent or more the cause of the
snowmobile accident that resulted in his injury and, after that,
granted the defendants' motion to dismiss, finding that Beebe's
impaired ability to function was due to his intoxication and that, as a
result, he was 50 percent or more the cause of the event that resulted
in his injuries. Plaintiffs appealed.

The Court of Appeals *held*:

1. MCL 600.2955a(1) provides an absolute defense when as a
result of impairment from alcohol, the plaintiff is 50 percent or more
the cause of the accident or event that resulted in the plaintiff's
injury. In order for the statute to apply, the plaintiff's impairment
from alcohol must have been the cause of the accident or event, and
the particular accident or event must have resulted in the particular

injury. The one particular accident or event that resulted in the pain and the contracture of plaintiff's toes was defendants' alleged medical malpractice, not the snowmobile accident. Furthermore, the one specific result of defendants' alleged medical malpractice was the pain in plaintiff's leg and the contracture of his toes. This injury was separate and distinct from the leg fractures plaintiff suffered as a result of his intoxication. The trial court erred by finding that the snowmobile accident rather than the medical malpractice was the event to be analyzed under MCL 600.2955a.

2. For MCL 600.2955a(1) to apply, plaintiff's impairment from alcohol must have been the one proximate cause of plaintiff's injuries suffered as a result of compartment syndrome. Even assuming that plaintiff's impairment was a proximate cause of his injuries, defendants were also a proximate cause of those injuries when the evidence was viewed in a light most favorable to plaintiff. Thus, the defense provided by MCL 600.2955a did not apply in this case.

Reversed.

BANDSTRA, J., concurring, agreed that the relevant event was the alleged malpractice, not the snowmobile accident and that the statutory defense was thus unavailable to defendants. He would have declined to address the issue of causation because doing so resulted in dicta, but noted further that, for the statute to apply, a plaintiff's alcohol impairment need not be the one proximate cause of the event giving rise to the injury. It would be sufficient if the plaintiff's impairment, considered with any other proximate causes, constituted 50 percent or more of the cause of the event resulting in the injury.

*Law Offices of David A. Priehs, P.C.* (by *David A. Priehs*), for Donald and Eva Beebe.

*Plunkett Cooney* (by *Robert G. Kamenec*) for Christina Sheely, D.O., and Family Practice & Orthopedic Care Center, P.L.L.C.

Before: BORRELLO, P.J., and JANSEN and BANDSTRA, JJ.

BORRELLO, P.J. Plaintiffs Donald and Eva Beebe[1] appeal

---

[1] Eva Beebe's claim is for loss of society, services, companionship, comfort and consortium, which is a derivative action. *Wilson v Alpena Co Rd Comm*, 474 Mich 161, 163 n 1; 713 NW2d 717 (2006). Therefore, this opinion refers to Donald Beebe as "plaintiff."

as of right the trial court's order granting a motion for dismissal pursuant to MCL 600.2955a by defendants Christina Sheely, D.O., and Family Practice & Orthopedic Care Center, P.L.L.C. For the reasons set forth in this opinion, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

On August 26, 2004, plaintiff was celebrating his thirty-third birthday at his home while working on his snowmobile with a friend. As he worked, plaintiff consumed about 11 cans of beer between noon and 8:00 p.m. At about 8:00 p.m., plaintiff drove the snowmobile across his lawn. According to plaintiff, as he was driving the snowmobile, he "grabbed ahold of the throttle, and I just stood straight up and it dumped me off." Plaintiff put his right leg down to catch himself and injured it. He was transported to the emergency room at defendant Community Health Center of Branch County where defendant Richard J. Hartman, Jr., D.O., diagnosed him as having fractures of the tibia and fibula in his right leg. Blood alcohol testing from a sample taken at 9:10 p.m. at Community Health Center indicated that plaintiff had a blood alcohol content of 0.13 percent. On August 27, 2004, Dr. Sheely performed surgery on plaintiff's right leg, and Dr. Hartman assisted. The surgery entailed a "[c]losed reduction of right tibia and fibula with intramedullary nailing of the tibia locked both proximally and distally." Plaintiff suffered from intense postsurgical pain in his right leg, as well as numbness and swelling in his right foot. He was discharged from the hospital the day after surgery. In January 2005, plaintiff sought medical care from Dr. Tudor Tien, who concluded that plaintiff had "sustained flexion contractures of his toes in his

right foot" and that "[t]he cause of his symptoms are most likely from a deep compartment syndrome in his leg." In May 2005, Dr. Tien performed extensive reconstructive surgery of plaintiff's right leg.

In February 2007, plaintiff filed a medical malpractice complaint against defendants, alleging that defendants failed to diagnose and treat him for compartment syndrome in his lower right leg after they performed surgery on the leg and that as a result, he "has been and remains lame and disabled from many vocational, recreational, household and personal activities and in pain." According to the complaint, defendants failed to appreciate and understand the signs and symptoms of compartment syndrome, failed to recognize plaintiff's symptoms as consistent with compartment syndrome, failed to perform examinations or testing to confirm or rule out compartment syndrome, failed to diagnose and treat compartment syndrome, and failed to consult with or refer plaintiff to a physician who could recognize the signs and symptoms of compartment syndrome.

In December 2007, Community Health Center moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff's complaint for damages was barred by MCL 600.2955a because plaintiff was intoxicated at the time of the snowmobile accident and plaintiff was 50 percent or more the cause of the snowmobile accident that resulted in his leg injuries. Drs. Hartman and Sheely and Family Practice & Orthopedic Care Center filed a concurrence in Community Health Center's motion for summary disposition. On April 16, 2008, the trial court ruled that in light of *Harbour v Correctional Med Servs, Inc*, 266 Mich App 452; 702 NW2d 671 (2005), the applicable "event" under MCL 600.2955a

was the snowmobile accident and not defendants' medical treatment of plaintiff's leg. However, the trial court denied defendants summary disposition "because questions of fact remain regarding whether Mr. Beebe's intoxication was 50% or more the cause" of the snowmobile accident that resulted in his injury.

On April 21, 2009, Dr. Sheely and Family Practice & Orthopedic Care Center[2] moved to dismiss plaintiff's cause of action. Anticipating the parties' stipulation that plaintiff's consumption of alcohol was more than 50 percent the cause of the snowmobile accident that resulted in plaintiff's injury, defendants asserted that there was now no issue of material fact regarding whether plaintiff's intoxication was more than 50 percent the cause of his injury and that summary disposition was therefore proper under MCL 600.2955a. On May 5, 2009, the trial court entered the parties' order stipulating that plaintiff's "impaired ability to function due to the influence of intoxicating liquor was 50% or more the cause of the snowmobile accident of August 26, 2004 which resulted in fractures to his right tibia and fibula pursuant to MCL 600.2955(a) [sic]." On that same date, the trial court granted defendants' motion to dismiss "because [plaintiff] had an impaired ability to function due to the influence of intoxicating liquor and that as a result of that impaired ability, [plaintiff] was fifty percent or more the cause of the event that resulted in Plaintiffs' injuries as alleged in the Complaint." Plaintiffs appeal as of right the trial court's dismissal of his medical malpractice action.

---

[2] By this time, Community Health Center and Dr. Hartman had been dismissed from the case by stipulation. We will refer to Dr. Sheely and Family Practice & Orthopedic Care Center as "defendants" for the remainder of this opinion

## II. STANDARD OF REVIEW

This Court's review of a trial court's grant of summary disposition pursuant to MCR 2.116(C)(10)[3] is as follows:

> This Court reviews de novo a trial court's grant or denial of summary disposition under MCR 2.116(C)(10). *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion brought under MCR 2.116(C)(10) tests the factual support for a claim. *Downey v Charlevoix Co Rd Comm'rs*, 227 Mich App 621, 625; 576 NW2d 712 (1998). The pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted by the parties must be considered by the court when ruling on a motion brought under MCR 2.116(C)(10). *Downey, supra* at 626; MCR 2.116(G)(5). When reviewing a decision on a motion for summary disposition under MCR 2.116(C)(10), this Court "must consider the documentary evidence presented to the trial court 'in the light most favorable to the nonmoving party.' " *DeBrow v Century 21 Great Lakes, Inc (After Remand)*, 463 Mich 534, 539; 620 NW2d 836 (2001), quoting *Harts v Farmers Ins Exchange*, 461 Mich 1, 5; 597 NW2d 47 (1999). A trial court has properly granted a motion for summary disposition under MCR 2.116(C)(10) "if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Quinto v Cross & Peters Co*,

---

[3] For review purposes, we treat the trial court's granting of defendants' motion to dismiss as a granting of summary disposition under MCR 2.116(C)(10). The trial court originally denied defendants' motion for summary disposition pursuant to MCL 600.2955a because it concluded that there was a question of material fact regarding whether plaintiff's intoxication was 50 percent or more the cause of his injury. The trial court's granting of defendants' motion to dismiss in light of the parties' stipulation that plaintiff's intoxication was 50 percent or more the cause of the snowmobile accident that resulted in the fractures to plaintiff's right tibia and fibula was tantamount to a ruling that there was no genuine issue of material fact regarding whether plaintiff's intoxication was 50 percent or more the cause of his injuries.

451 Mich 358, 362; 547 NW2d 314 (1996). [*Clerc v Chippewa Co War Mem Hosp*, 267 Mich App 597, 601; 705 NW2d 703 (2005), remanded on other grounds 477 Mich 1067 (2007).]

This case involves the construction of MCL 600.2955a. This Court reviews de novo the interpretation of a statute. *Manske v Dep't of Treasury*, 282 Mich App 464, 468; 766 NW2d 300 (2009).

### III. ANALYSIS

At issue in this case is the interpretation and application of MCL 600.2955a.[4] MCL 600.2955a provides an absolute defense when impairment from alcohol is 50 percent or more the cause of the accident or event that resulted in the plaintiff's injury:

(1) It is an absolute defense in an action for the death of an individual or for injury to a person or property that the individual upon whose death or injury the action is based had an impaired ability to function due to the influence of intoxicating liquor or a controlled substance, and as a result of that impaired ability, the individual was 50% or more the cause of the accident or event that resulted in the death or injury. If the individual described in this subsection was less than 50% the cause of the accident or event, an award of damages shall be reduced by that percentage.

(2) As used in this section:

(a) "Controlled substance" means that term as defined in section 7104 of the public health code, Act No. 368 of the Public Acts of 1978, being section 333.7104 of the Michigan Compiled Laws.

---

[4] Plaintiff argues on appeal that MCL 600.2955a does not apply to medical malpractice actions. We decline to address this issue because plaintiff did not raise the issue below and the trial court did not address it; therefore, it is unpreserved. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). For purposes of this case, we presume, without deciding, that MCL 600.2955a applies to medical malpractice actions.

(b) "Impaired ability to function due to the influence of intoxicating liquor or a controlled substance" means that, as a result of an individual drinking, ingesting, smoking, or otherwise consuming intoxicating liquor or a controlled substance, the individual's senses are impaired to the point that the ability to react is diminished from what it would be had the individual not consumed liquor or a controlled substance. An individual is presumed under this section to have an impaired ability to function due to the influence of intoxicating liquor or a controlled substance if, under a standard prescribed by section 625a of the Michigan vehicle code, Act No. 300 of the Public Acts of 1949, being section 257.625a of the Michigan Compiled Laws, a presumption would arise that the individual's ability to operate a vehicle was impaired.

"[T]he absolute defense of impairment provided by MCL 600.2955a serves a unique legislative purpose." *Harbour*, 266 Mich App at 460. By enacting the statute, the Legislature " 'sought to place more responsibility on intoxicated plaintiffs who are equally or more to blame for their injuries, therefore marking a shift toward personal responsibility envisioned by overall tort reform.' " *Id.* at 461, quoting *Wysocki v Felt*, 248 Mich App 346, 358-359; 639 NW2d 572 (2001).

The primary objective in construing a statute is to discern and give effect to the Legislature's intent. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). The words used in a statute provide the most reliable evidence of the Legislature's intent. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). "Every word or phrase of a statute will be assigned its plain and ordinary meaning unless defined in the statute." *Piccalo v Nix (On Remand)*, 252 Mich App 675, 679; 653 NW2d 447 (2002). If the language of the statute is clear and unambiguous, the Court must follow it, and further judicial construction is neither

permitted nor required. *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000).

MCL 600.2955a provides an absolute defense in this case if plaintiff "was 50% or more the cause of the accident or event that resulted in the death or injury." MCL 600.2955a(1). The trial court ruled that the applicable "event" under MCL 600.2955a(1) that resulted in plaintiff's injury was the snowmobile accident and not defendants' medical treatment of plaintiff's leg. In *Piccalo*, this Court interpreted the word "event" in MCL 600.2955a(1) broadly, meaning " 'something that happens or is regarded as happening; an occurrence, especially one of some importance' or 'the outcome, issue, or result of anything.' " *Piccalo*, 252 Mich App at 680, quoting *The Random House Dictionary of the English Language: Second Edition Unabridged*, p 671.

Analogous caselaw arising from this Court's and our Supreme Court's interpretations and applications of the governmental tort liability act is instructive. MCL 691.1407(2) provides that when certain conditions are met, governmental employees are immune from tort liability for damages they caused. For purposes of our discussion, the relevant language of MCL 691.1407(2) states that a governmental employee is immune from tort liability if, among other conditions, "[t]he . . . employee's . . . conduct does not amount to gross negligence that is *the* proximate cause of the injury or damage." MCL 691.1407(2)(c) (emphasis added).

In 1994, our Supreme Court held that the word "the" preceding "proximate cause" in MCL 691.1407(2)(c) did not indicate that the conduct was required to be the sole proximate cause of the injury in order to overcome immunity. *Dedes v Asch*, 446 Mich 99, 107; 521 NW2d 488 (1994). Six years later, the Supreme Court overruled *Dedes* in part in *Robinson*, 462 Mich at 458-459.

According to our Supreme Court's decision in *Robinson*, the Legislature's use of the definite article indicated the Legislature's intent to limit tort liability except when the governmental employee's gross negligence was "the one most immediate, efficient, and direct cause of the injury or damage, i.e., the proximate cause." *Robinson*, 462 Mich at 462. This Court has followed *Robinson* in strictly limiting tort liability when a governmental employee's negligence is merely *a* cause, rather than *the* cause of the plaintiff's injuries. See *Costa v Community Emergency Med Servs, Inc*, 263 Mich App 572, 579; 689 NW2d 712 (2004).

### A. THE INJURY

Applying the same analysis used by our Supreme Court in its interpretation and application of the governmental tort liability act to MCL 600.2955a(1), we first must identify "the injury." Here, the trial court failed to properly identify "the injury" that was the basis for the action. Under MCL 600.2955a(1), a plaintiff's impaired ability to function because of intoxicating liquor is an absolute defense if the plaintiff's impaired ability to function "was 50% or more *the* cause of *the* accident or event that resulted in *the* death or injury." (Emphasis added.) "[T]he Legislature is presumed to understand the meaning of the language it enacts into law . . . ." *Robinson*, 462 Mich at 459. Furthermore, "[e]ach word of a statute is presumed to be used for a purpose." *Id.* As previously discussed, the Legislature's repeated use of the word "the" rather than "a" in MCL 600.2955a(1) is significant. Thus, in order for the absolute defense of impairment statute to apply, the plaintiff's impairment from alcohol must have been "the cause of the accident or event," and the particular accident or

event must have resulted in the particular injury. The one particular accident or event that resulted in the pain and the contracture of the toes of plaintiff's right foot was defendants' alleged medical malpractice, not the snowmobile accident. Furthermore, the one specific result of defendants' alleged medical malpractice was the pain in plaintiff's right leg and the contracture of the toes of his right foot.

In this case, there were two distinct injuries that were the result of two separate accidents or events. The first accident or event was plaintiff's snowmobile accident; the injuries that resulted from this accident or event were tibia and fibula fractures in plaintiff's right leg. The second accident or event was defendants' alleged medical malpractice in failing to diagnose and treat plaintiff's compartment syndrome; the injuries from this accident or event included pain and the contracture of the toes of plaintiff's right foot. The basis of a medical malpractice action is an injury to an individual that is the proximate result of alleged medical malpractice. See MCL 600.2912a. The relevant injury for purposes of plaintiff's medical malpractice action was not the fractures of the bones in his right leg, but the separate and distinct injury to plaintiff that resulted from defendants' alleged medical malpractice. According to plaintiff, defendants' medical malpractice in failing to diagnose and treat the compartment syndrome that developed in his right leg after Drs. Sheely and Hartman performed surgery on the leg caused injury in the form of pain and contracture of the toes on plaintiff's right foot. Hence, the injury giving rise to plaintiff's complaint is based on plaintiff's medical malpractice action, which was a separate and distinct injury from those suffered as a result of plaintiff's intoxication.

### B. THE CAUSE

Under the plain language of MCL 600.2955a(1), the plaintiff's impairment from alcohol must have been "the cause," meaning the proximate cause that resulted in the particular injury. MCL 600.2955a(1). Causation includes both cause in fact and legal, or proximate, causation. *Skinner v Square D Co*, 445 Mich 153, 162-163; 516 NW2d 475 (1994). Cause in fact requires a showing that but for the defendant's actions, the plaintiff's injury would not have occurred, while legal causation relates to the foreseeability of the consequences of the defendant's conduct. *Id.* at 163.

As noted previously, when considering a decision on a motion for summary disposition under MCR 2.116(C)(10), we must review " 'the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party.' " *Odom v Wayne Co*, 482 Mich 459, 466-467; 760 NW2d 217 (2008), quoting *Brown v Brown*, 478 Mich 545, 551-552; 739 NW2d 313 (2007). Viewing the evidence in a light most favorable to plaintiff, plaintiff was not the "proximate cause" of the pain in his right leg and the contracture of the toes of his right foot. *Robinson*, 462 Mich at 462. For this reason alone, summary disposition based on the absolute defense of impairment provided by MCL 600.2955a would be improper.

For the absolute defense of impairment provided by the statute to apply, plaintiff's impairment from alcohol must also have been the one proximate cause of plaintiff's injuries suffered as a result of compartment syndrome.[5] "[L]egal cause or 'proximate cause' normally

---

[5] We recognize that the proper standard for proximate causation in a negligence action is that the negligence must be "a proximate cause" not "the proximate cause." *Kirby v Larson*, 400 Mich 585, 605-606; 256

involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Skinner*, 445 Mich at 163. "To establish legal cause, the plaintiff must show that it was foreseeable that the defendant's conduct 'may create a risk of harm to the victim, and . . . [that] the result of that conduct and intervening causes were foreseeable.' " *Weymers v Khera*, 454 Mich 639, 648; 563 NW2d 647 (1997), quoting *Moning v Alfono*, 400 Mich 425, 439; 254 NW2d 759 (1977). There may be more than one proximate cause of an injury. *Brisboy v Fibreboard Corp*, 429 Mich 540, 547; 418 NW2d 650 (1988). Frequently, two causes will operate concurrently so that both constitute a direct proximate cause of the injury that results. *Id.*

Even assuming that plaintiff's impairment because of the influence of intoxicating liquor was *a* proximate cause of the leg injuries that resulted from the compartment syndrome, defendants would also be *a* proximate cause of those injuries if the evidence is viewed in a light most favorable to plaintiff. There was evidence that compartment syndrome can be a complication of fractures of the tibia and fibula and that plaintiff developed a deep compartment syndrome in his right leg after defendants performed surgery on the leg. There was also evidence that defendants did not diagnose or treat plaintiff's compartment syndrome and that plaintiff suffered pain and contracture in the toes of his right foot as a result of the compartment syndrome. In this case, we do not decide whether both plaintiff and defendants were proximate causes of the pain or the

---

NW2d 400 (1977). However, we are analyzing causation in the context of the language used in the statute providing an absolute defense for impairment, and the language in the statute requires that the impairment be "the" one "cause of the accident or event that resulted in the . . . injury." MCL 600.2955a(1).

contracture of the toes of plaintiff's right foot and, if they both were proximate causes, whether plaintiff's impairment was a substantial factor in producing the pain and the contractures. We also do not decide whether defendants' alleged medical malpractice was foreseeable or whether it was an independent, intervening cause sufficient to sever the causal connection between plaintiff's impairment from alcohol and the injuries that resulted from defendants' alleged malpractice. Generally, proximate cause is a factual issue to be decided by the trier of fact.[6] *Nichols v Dobler*, 253 Mich App 530, 532; 655 NW2d 787 (2002). Our task in this case is limited to determining whether plaintiff was the proximate cause of the pain and the contracture of the toes of his right foot under MCL 600.2955a(1). Viewing the evidence in a light most favorable to plaintiff, we conclude that defendants may have been the proximate cause of the injuries plaintiff suffered as a result of the compartment syndrome; consequently, MCL 600.2955a does not apply to the facts of this case.

### C. POLICY CONSIDERATIONS

Policy reasons support our construction of MCL 600.2955a. Concluding that the applicable accident or event in this case was the snowmobile accident rather than the alleged medical malpractice would effectively provide a blanket shield to medical care providers from medical malpractice actions in all cases in which the plaintiff patient was impaired when he or she sought treatment even if the medical care providers committed medical malpractice and caused a separate and discrete

---

[6] The court should decide proximate causation as a matter of law only if reasonable minds could not differ regarding the proximate cause of the plaintiff's injury. *Nichols v Dobler*, 253 Mich App 530, 532; 655 NW2d 787 (2002).

injury to the impaired plaintiff. Any construction of MCL 600.2955a that would result in such a blanket shield from liability for medical care providers is contrary to the policy in this state that allows patients injured by medical malpractice to seek recourse for their injuries in the form of a medical malpractice action. Moreover, interpreting MCL 600.2955a in a manner that would shield medical care providers from liability when the patient was impaired would not further the purposes and policies underlying the defense. Although the Legislature's purpose in enacting MCL 600.2955a was " 'to place more responsibility on intoxicated plaintiffs who are equally or more to blame for their injuries' " by " 'marking a shift toward personal responsibility,' " *Harbour*, 266 Mich App at 461, quoting *Wysocki*, 248 Mich App at 358-359, this purpose would not be served if a plaintiff, albeit an intoxicated plaintiff, were precluded from bringing an action to recover for separate and discrete injuries that were the result of medical malpractice and not the plaintiff's intoxication. Such an outcome would result in an inequitable shifting of the blame that would favor a negligent medical care provider who was more at fault for the injury than the intoxicated plaintiff.

### D. *HARBOUR* IS DISTINGUISHABLE

Furthermore, our decision in *Harbour* does not require a contrary result in this case because *Harbour* is distinguishable both factually and legally from the instant case.[7] In *Harbour*, the plaintiff's decedent was arrested for driving while under the influence of intoxicating liquor and taken to jail. *Harbour*, 266 Mich App

---

[7] Plaintiff asserts that this Court's decision in *Harbour* was wrongly decided and requests this Court to convene a conflict panel pursuant to MCR 7.215(J)(3). We decline to do so.

at 454. At the jail, a nurse assessed him and placed him on "sick call" in a holding cell. *Id.* Approximately two hours after the nurse assessed him, the plaintiff's decedent "died as a result of irregular heart rhythms caused by acute alcohol withdrawal." *Id.* This Court ruled that alcohol withdrawal meets the broad definition of an "event" under MCL 600.2955a(1). *Id.* at 459. Because the decedent's alcohol-related impairment caused the acute withdrawal that was the most immediate, efficient and direct cause of the decedent's death, the defendant was entitled to the absolute defense of impairment provided by MCL 600.2955a. *Id.* at 463.

Unlike the facts of this case, there was only one injury in *Harbour*, the decedent's death. In the instant case, there were two distinct injuries: plaintiff's fractured tibia and fibula and the injuries to plaintiff's right leg that resulted from the compartment syndrome. Significantly, the causal connection between the decedent's impairment from alcohol and his death was unusually strong in *Harbour* because the decedent literally drank himself to death. In *Harbour* it was difficult for the plaintiff to dispute that the decedent's impairment from alcohol resulted in his death when "[p]laintiff's own evidence was unequivocal that the decedent's chronic alcohol abuse and . . . his alcohol-related impairment caused the acute withdrawal that was the 'most immediate, efficient, and direct cause' of his death." *Id.*, quoting *Robinson*, 462 Mich at 446. Furthermore, the plaintiff's expert witness in *Harbour* admitted that what might have happened if the decedent had been treated differently by the nurse was "pure speculation." *Id.* In contrast to *Harbour*, the causal connection between plaintiff's impairment in this case and the pain and contracture of the toes in his right foot was not as clear-cut because viewing the evidence in a light most favorable to plaintiff, there may

have been more than one cause that resulted in the pain and contractures, and for MCL 600.2955a to apply, plaintiff's impairment from alcohol must have been the one cause that resulted in the pain and the contracture of the toes of his right foot. *Harbour* is also distinguishable on the basis that the alleged medical malpractice was not a discrete injurious event because the decedent's own consumption of alcohol resulted in his death from acute alcohol withdrawal, whereas in the instant case, the injuries that plaintiff suffered as a result of compartment syndrome were discrete injuries that were not influenced by plaintiff's impairment from alcohol.

In sum, we hold that the applicable "accident or event" under MCL 600.2955a(1) was defendants' alleged medical malpractice. Viewing the evidence in a light most favorable to plaintiff, there was more than one cause that resulted in the pain and the contracture of the toes in plaintiff's right foot. Therefore, MCL 600.2955a(1) does not apply to the facts of this case.

Reversed.

JANSEN, J., concurred.

BANDSTRA, J. (*concurring*). I concur with the decision of the majority because, as explained in part III(A) of its opinion, for purposes of MCL 600.2955a(1), the relevant "event that resulted in the . . . injury" here was not the snowmobile accident and leg fractures suffered by plaintiff but, as alleged, the malpractice and resulting pain and contracture of plaintiff's right foot. Accordingly, the majority correctly concludes that the defense provided by the statute is unavailable to defendants.

There is thus no need to further consider whether the defense is unavailable because of the language in

the statute concerning the causal relationship between plaintiff's alleged injury and his liquor-impaired ability to operate the snowmobile. To do so, as the majority does in part III(B) of its opinion, results in dicta. Further, the majority incorrectly says that "[f]or the absolute defense of impairment provided by the statute to apply, plaintiff's impairment from alcohol must also have been the one proximate cause of plaintiff's injuries suffered as a result of compartment syndrome." *Ante* at 523. Unlike the statute at issue in *Robinson v Detroit*, 462 Mich 439; 613 NW2d 307 (2000), which apparently provides the majority the logical basis for this conclusion, the statute here does not refer to "the proximate cause." Instead, MCL 600.2955a(1) limits its protection to situations in which the plaintiff "was 50% or more the cause of the . . . event that resulted in the . . . injury." MCL 600.2955a(1). Thus, for the statute to apply, a plaintiff's alcohol impairment need not be "the one proximate cause" of the event giving rise to an injury; it is sufficient if a plaintiff's impairment, considered alongside any other proximate causes, constituted 50 percent or more of the cause of the event resulting in the injury.